

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

September 19, 2007

**BY HAND**
The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 615
New York, New York 10007



   Re: *Hope v. U.S. Dep't of Housing and Urban Development*, 07 Civ. 4726 (RJS)

Dear Judge Sullivan:

  I write respectfully to request that the Court schedule a pre-motion conference, pursuant to Your Honor's Individual Practices, to discuss the filing by the Government of a motion to dismiss the complaint in the above-referenced case. The Government intends to file a motion to dismiss in lieu of answering. I further respectfully request that the Court stay the Government's time to answer or move with respect to the complaint from September 20, 2007 to a date to be set at the conference.

  Plaintiff Joshua Hope is an 87-year old Chinese-American resident of St. Margaret's House, 49 Fulton Street, New York, New York. Plaintiff is a recipient of federal housing subsidies pursuant to Section 8 of the Housing Act of 1937, 42 U.S.C. § 1437 *et seq.* St. Margaret's House is a housing project for the elderly that participates in the Section 8 housing subsidy program. Joseph Breed is the Executive Director of St. Margaret's House.

  The lawsuit centers on the acrimonious relationship between Plaintiff and Breed and St. Margaret's House. During the course of 2006, Plaintiff alleges that they discriminated against him in various ways, culminating on November 1, 2006, when, according to the complaint, Breed and St. Margaret's House had Plaintiff arrested and taken to Bellevue Hospital for psychiatric evaluation. Shortly thereafter, according to the complaint, St. Margaret's House terminated Plaintiff's Section 8 housing subsidies, and initiated eviction proceedings against Plaintiff in Civil Court of the City of New York.

  On June 4, 2007, Plaintiff filed this lawsuit alleging violations of his civil rights and seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff named the U.S. Department of Housing and Urban Development ("HUD"), Breed and St. Margaret's House as defendants.

HUD intends to move to dismiss the complaint. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. It is well established that suit will not lie against a federal agency under § 1983. *See Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005); *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n. 4 (2d Cir. 1991); *Hurt v. Philadelphia Housing Authority*, 806 F. Supp. 515, 523-24 (E.D.Pa. 1992).

Apart from § 1983, Plaintiff has failed to state a claim against HUD. Plaintiff claims that HUD violated his constitutional rights, including his rights under the First, Fifth and Fourteenth Amendments of the U.S. Constitution. *See* Complaint ("Compl.") at 14-15. A federal agency is not liable for constitutional torts. *See FDIC v. Myer*, 510 U.S. 471, 483-86 (1994). Nor is there any allegation that a particular federal official was involved in the alleged events. Thus, the complaint fails to state a claim under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Finally, to the extent that Plaintiff alleges that HUD violated his statutory right to Section 8 housing subsidies, his claim must be dismissed. There is no allegation in the complaint that HUD, or any HUD official, took any action to terminate Plaintiff's subsidy. Rather, Plaintiff alleges that HUD, "by negligent inaction" (Compl. at 15), allowed the other defendants to terminate Plaintiff's Section 8 subsidy. Plaintiff has identified no cause of action against HUD for allowing a housing project to terminate a tenant's Section 8 housing subsidy. The applicable statutes and regulations delegate to housing projects the responsibility to select and terminate subsidy recipients. *See* 42 U.S.C. § 1437f(d); 24 C.F.R. §§ 891.600(b), 891.610(e). There is simply nothing in the text or structure of the statute that suggests Congress intended to create a private remedy *against HUD* when a tenant's subsidy is terminated. *See Alexander v. Sandoval*, 532 U.S. 275, 284-88 (2001).

For the reasons stated above, the Government respectfully requests that the Court schedule a pre-motion conference, and stay the Government's time to answer or move with respect to the complaint until a date to be set at the conference. The Government thanks the Court for its consideration of the request, and respectfully further requests that the Court direct this letter to be docketed as part of the record in this action.

Respectfully,

MICHAEL J. GARCIA
United States Attorney

By: /s/ John D. Clopper
JOHN D. CLOPPER
Assistant United States Attorney
Telephone: (212) 637-2716
Facsimile: (212) 637-0033

*[Handwritten:]* Pre-Motion Conference set for October 16 at 10:30 AM. Defendants time to answer is stayed until then.

SO ORDERED
Dated: 10/3/07
RICHARD J. SULLIVAN
U.S.D.J.

2