UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

JOSHUA HOPE,                                        :

                              Plaintiff,            :        07-CV-4726 (RJS)

              -against-                             :        **AFFIDAVIT OF**
                                                            **MATTHEW S. FENSTER**
U.S. DEPARTMENT OF HOUSING AND URBAN               :        **IN SUPPORT OF**
DEVELOPMENT,  ST. MARGARET HOUSE and                        **MOTION TO DISMISS**
JOSEPH BREED,                                      :        **THE COMPLAINT_____**

                              Defendant.           :

-----------------------------------------------------------------------x

STATE OF NEW YORK      )
                       :   ss.:
COUNTY OF NEW YORK   )

              MATTHEW S. FENSTER, being duly sworn, deposes and says:

              1.      I am a member of the bar of this Court and am Special Counsel with

Cadwalader, Wickersham & Taft LLP, attorneys for defendants St. Margaret's House and Joseph

Breed.  I make this affidavit in support of the motion by St. Margaret's House and Mr. Breed to

dismiss the complaint in this action, and in particular, for the limited purpose of addressing

plaintiff's failure to properly serve St. Margaret's House and Mr. Breed.

              2.      As reflected by the docket herein, plaintiff commenced the instant action

on June 4, 2007 and, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, was

therefore required to effect service by October 2, 2007.  Annexed hereto as Exhibit A is a copy

of the docket in this action as of today.  As discussed below, plaintiff has not timely or properly

served the summons or complaint on St. Margaret's House or Mr. Breed.

3.    On July 11, 2007, I was advised by Mr. Breed that one copy of the complaint and one copy of the civil cover sheet in this action -- without any envelope, label or other indication as to the intended recipient -- were left with Josephine Chung, the Coordinator for Maintenance, Housekeeping, and Security for St. Margaret's House.  See Affidavit of Joseph Breed, sworn to on November 13, 2007 (the "Breed Affidavit"), ¶ 4.  Mr. Breed advised me that no summons was served.  I confirmed the foregoing facts with Ms. Chung.  See Affidavit of Josephine Chung, sworn to on November 13, 2007 (the "Chung Affidavit"), ¶ 3.  Mr. Breed and Ms. Chung have advised me that, to their knowledge, at no other time did Plaintiff attempt in any way to effect service on St. Margaret's House or Mr. Breed by mail or otherwise.  See Breed Aff., ¶ 4; Chung Aff., ¶ 3.  Id.  Nor was the summons served at any time, in any manner.  Id.

4.    After two weeks passed without proof of service having been filed, I wrote to plaintiff's attorney, and explained the failure of service.  A copy of my July 25, 2007 letter, sent via Federal Express, is annexed hereto as Exhibit B.  Confirmation of receipt of the letter by plaintiff's counsel on July 27, 2007 is annexed hereto as Exhibit C.  Plaintiff's counsel never responded to the July 25, 2007 letter.

5.    Plaintiff's counsel first addressed this issue by letter dated "October 9, 2007", faxed under cover of a transmittal sheet dated "October 15, 2007".  A copy of this letter with the fax cover sheet and attachment is annexed hereto as Exhibit D.  The fax was actually sent at 10:40 a.m. on October 16, 2007, precisely as a scheduled Court conference in this case was taking place -- a conference at which plaintiff's counsel failed to appear.  Plaintiff's October 16, 2007 letter attached a purported "Affidavit of Service".  See Ex. D.  According to the docket herein, that document has never been filed with the Court, contrary to Rule 4(l) of the Federal Rules of Civil Procedure.  See Ex. A.  The belated appearance of this "Affidavit of Service" – in response to a pre-motion letter discussing the instant motion to dismiss – coupled with plaintiff's

failure to contemporaneously dispute the failure to serve as discussed in my July 25, 2007 letter, creates serious questions as to the credibility of the "Affidavit of Service".  I respectfully submit that this "Affidavit of Service" should be disregarded, leaving only the testimony of Mr. Breed and Ms. Chung as to the failure to serve the summons on either St. Margaret's House or Mr. Breed and the failure to ever mail the documents to St. Margaret's House or Mr. Breed.

6.     In any event, I would note that, as discussed in further detail in the accompanying memorandum of law, the facts alleged in the "Affidavit of Service" do not establish proper service. With respect to St. Margaret's House, the "Affidavit of Service" does not even allege service on a corporation.[1]  Moreover, Ms. Chung, an employee responsible for maintenance, housekeeping, and security at St. Margaret's House, was not authorized by law or otherwise to accept service on behalf of St. Margaret's House.  See Breed Aff., ¶ 5; Chung Aff.,¶ 2.  With respect to Mr. Breed, while the "Affidavit of Service" contains boilerplate allegations of the mailing of the summons and complaint – which mailing is required pursuant to the "leave and mail" method of service apparently utilized by plaintiff to serve Mr. Breed (see C.P.L.R. § 308[2]) – the Affidavit of Service indicates "Certified Mail No. _____".  That blank space is consistent with the testimony of Mr. Breed and Ms. Chung that neither the summons nor the complaint was ever delivered by mail to St. Margaret's House or Mr. Breed. Breed Aff., ¶ 4; Chung Aff., ¶ 3.

7.     Finally, I respectfully submit that in light of the lack of responsiveness of plaintiff's attorney, there is no basis for the Court to excuse the plaintiff's failure to timely and properly serve in disregard of the Federal Rules of Civil Procedure.

---

[1]    St. Margaret's House is operated by St. Margaret's House Housing Development Fund Corporation.

8.      Pursuant to the Court's Individual Practices, annexed hereto as Exhibit E, is a copy of the complaint herein.

WHEREFORE, on behalf of defendants St. Margaret's House and Joseph Breed, I respectfully request that the Court enter an Order (i) dismissing the complaint in its entirety as against St. Margaret's House and Mr. Breed; and (ii) granting St. Margaret's House and Mr. Breed such other and further relief as the Court may deem just and proper.

 

 

 

_____s/Matthew S. Fenster_____
Matthew S. Fenster

Sworn to before me this
13th day of November, 2007.

_____s/Notary Public_____
Notary Public