UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

JOSHUA HOPE,                                              :

                                  Plaintiff,                    :          07-CV-4726 (RJS)

               -against-                            :

U.S. DEPARTMENT OF HOUSING AND URBAN          :
DEVELOPMENT,  ST. MARGARET HOUSE and
JOSEPH BREED,                                             :

                        Defendant.                    :

-----------------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF
## ST. MARGARET'S HOUSE AND JOSEPH BREED'S
## MOTION TO DISMISS THE COMPLAINT


CADWALADER, WICKERSHAM & TAFT LLP
Attorneys for Defendants St. Margaret's House and
 Joseph Breed
Office and Post Office Address:
One World Financial Center
New York, New York  10281
Telephone: (212) 504-6000

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS ...................................................................................... 1

ARGUMENT ........................................................................................................ 4

POINT I      PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS AGAINST
             ST. MARGARET'S HOUSE AND MR. BREED FOR INSUFFICIENCY
             OF PROCESS ................................................................................. 4

             A.    Plaintiff Failed to Properly Serve St. Margaret's House ............ 4

             B.    Plaintiff Failed to Properly Serve Mr. Breed ............................. 6

             C.    Plaintiff Improperly Served Only A Single Copy of the Complaint ......... 8

             D.    Plaintiff's Failure to Properly and Timely Serve
                   the Summons and Complaint Should Not Be Excused ............................. 8

POINT II     PLAINTIFF'S CLAIM FOR RETALIATORY EVICTION MUST BE
             DISMISSED AS A MATTER OF LAW AS AGAINST ST.
             MARGARET'S HOUSE AND MR. BREED ...................................... 9

             A.    Neither St. Margaret's House Nor Mr. Breed is a Proper
                   Defendant on a Claim Under the Constitution or 42 U.S.C. § 1983 ........ 10

             B.    Plaintiff Fails to State a Claim for Retaliatory Eviction Under State
                   Law ......................................................................................... 12

POINT III    PLAINTIFF'S CLAIMS FOR ASSAULT AND BATTERY
             MUST BE DISMISSED AS A MATTER OF LAW AS AGAINST ST.
             MARGARET'S HOUSE AND MR. BREED ...................................... 13

POINT IV     PLAINTIFF'S CLAIMS FOR FALSE ARREST AND FALSE
             IMPRISONMENT MUST BE DISMISSED AS A MATTER OF LAW
             AS AGAINST ST. MARGARET'S HOUSE AND MR. BREED ...................... 14

POINT V      PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF
             EMOTIONAL DISTRESS MUST BE DISMISSED AS A MATTER OF
             LAW AS AGAINST ST. MARGARET'S HOUSE AND MR. BREED ........... 16

POINT VI     PLAINTIFF'S CLAIM FOR MALICIOUS ABUSE OF CIVIL PROCESS
             MUST BE DISMISSED AS A MATTER OF LAW AS AGAINST ST.
             MARGARET'S HOUSE AND MR. BREED ...................................... 17

POINT VII     PLAINTIFF'S CLAIM FOR CIVIL CONSPIRACY MUST BE
              DISMISSED AS A MATTER OF LAW AS AGAINST ST.
              MARGARET'S HOUSE AND MR. BREED ................................................... 19

CONCLUSION ............................................................................................................ 20

# TABLE OF AUTHORITIES

<strong><u>PAGE(S)</u></strong>

## <u>CASES:</u>

<u>Adler</u> v. <u>Kent Vill. Hous. Co., Inc.</u>,
    123 F. Supp. 2d 91 (E.D.N.Y. 2000) ................................................................. 11

<u>American Mfrs. Mut. Ins. Co.</u> v. <u>Sullivan</u>,
    526 U.S. 40 (1999) ............................................................................................ 10

<u>Astarita</u> v. <u>Urgo Butts & Co.</u>,
    No. 96 Civ. 6991, 1997 WL 317028 (S.D.N.Y. June 10, 1996) ........................ 8-9

<u>Bender</u> v. <u>City of New York</u>,
    78 F.3d 787 (2d Cir. 1996) ................................................................................ 16

<u>Blum</u> v. <u>Yaretsky</u>,
    457 U.S. 991 (1982) ........................................................................................... 10

<u>Brass</u> v. <u>American Film Techs., Inc.</u>,
    987 F.2d 142 (2d Cir. 1993) ............................................................................... 2

<u>Brentwood Acad.</u> v. <u>Tennessee Secondary Sch. Ath. Ass'n</u>,
    531 U.S. 288 (2001) ........................................................................................... 11

<u>Broughton</u> v. <u>New York</u>,
    37 N.Y.2d 451, 335 N.E.2d 310, 373 N.Y.S.2d 87, <u>cert. denied</u>, 234 U.S. 929 (1975)...15, 17

<u>Burda Media, Inc.</u> v. <u>Viertel</u>,
    417 F.3d 292 (2d Cir. 2005) ............................................................................... 4

<u>Campoverde</u> v. <u>Sony Pictures Entm't</u>,
    No. 01 Civ. 7775, 2002 WL 31163804 (S.D.N.Y. Sept. 30, 2002).................................. 16-17

<u>Chapo</u> v. <u>Premier Liquor Corp.</u>,
    259 A.D.2d 1050, 688 N.Y.S.2d 342 (4th Dep't 1999)....................................... 15

<u>Charkhy</u> v. <u>Altman</u>,
    252 A.D.2d 413, 678 N.Y.S.2d 40 (1st Dep't 1998) .......................................... 13

<u>Cobb</u> v. <u>Willis</u>,
    208 A.D.2d 1155, 617 N.Y.S.2d 601 (3d Dep't 1994)........................................ 15

<u>Cook</u> v. <u>Sheldon</u>,
    41 F.3d 73 (2d Cir. 1994).................................................................................... 18

Curley v. AMR Corp.,
   153 F.3d 5 (2d Cir. 1998).............................................................................. 15

Dotson v. Griesa,
   398 F.3d 156 (2d Cir. 2005), cert. denied, 126 S. Ct. 2859 (2006)....................... 10

Georgia v. McCollum,
   505 U.S. 42 (1992) ...................................................................................... 10

Girden v. Sandals Int'l,
   262 F.3d 195 (2d Cir. 2001).......................................................................13, 14

Grammenos v. C.M. Lemos,
   457 F.2d 1067 (2d Cir. 1972)........................................................................... 6

Heinfling v. Colapinto,
   946 F.Supp. 260 (S.D.N.Y. 1996) .................................................................. 19

Howard v. Klynveld Peat Marwick Goerdeler,
   977 F. Supp. 654 (S.D.N.Y. 1997), aff'd, 173 F.3d 844 (2d Cir. 1999)................... 7

Howell v. New York Post Co.,
   81 N.Y.2d 115, 612 N.E.2d 699, 596 N.Y.S.2d 350 (1993)................................ 16

In re Parmalat Secs. Litig.,
   477 F. Supp. 2d 602 (S.D.N.Y. 2007) ...........................................................19, 20

Jacques v. Sears, Roebuck & Co.,
   30 N.Y.2d 466, 285 N.E.2d 871, 334 N.Y.S.2d 632, (1972)............................... 15

Jonas v. Citibank,
   414 F. Supp. 2d 411 (S.D.N.Y. 2006) ............................................................... 8

Kahn v. NYU Med. Ctr.,
   No. 06 Civ. 13455, 2007 WL 2000072 (S.D.N.Y. July 10, 2007)........................ 10

Kwan v. Schlein,
   441 F. Supp. 2d 491 (S.D.N.Y. 2006) ............................................................... 6

LeBlanc v. Cleveland
   198 F.3d 353 (2d Cir. 1999)............................................................................. 3

Leeds v. Meltz,
   85 F.3d 51 (2d Cir. 1996)............................................................................... 10

Mende v. Milestone Tech., Inc.,
    269 F. Supp. 2d 246 (S.D.N.Y. 2003) ............................................................... 4

Murphy v. American Home Prods. Corp.,
  58 N.Y.2d 293, 448 N.E.2d 86, 461 N.Y.S.2d 232 (1983)...................................... 17

Offenhartz v. Cohen,
  168 A.D.2d 268, 562 N.Y.S. 2d 500 (1st Dept. 1990) ......................................... 14

O'Brien v. Alexander,
  101 F.3d 1479 (2d Cir. 1996)............................................................................. 17

Payday Advance Plus, Inc. v. Findwhat.com,
  478 F. Supp. 2d 496 (S.D.N.Y. 2007) ................................................................ 19

Perez v. Charter One FSB,
  298 A.D.2d 447, 748 N.Y.S.2d 392 (2d Dep't 2002)..................................... 15-16

Pope v. Rice,
  No. 04 Civ. 4171, 2005 WL 613085 (S.D.N.Y. Mar. 14, 2005)............................ 7

Posr v. Doherty,
  944 F.2d 91 (2d Cir. 1991)............................................................................. 14-15

Rendell-Baker v. Kohn,
  457 U.S. 830 (1982)....................................................................................10, 11

Rivera v. Phipps Houses Servs., Inc.,
  No. 01 Civ. 2324, 2001 WL 740779 (S.D.N.Y. June 29, 2001) ......................... 11

Roberts v. 112 Duane Assocs.,
  32 A.D.3d 366, 821 N.Y.S.2d 33 (1st Dep't 2006)............................................ 18

San Francisco Arts & Aths., Inc. v. United States Olympic Comm.,
  483 U.S. 522 (1987)........................................................................................ 11

Savino v. City of New York,
  331 F.3d 63 (2d Cir. 2003)............................................................................... 18

Schrull v. Shafer,
  252 A.D.2d 723, 675 N.Y.S.2d 395 (3d Dep't 1998)......................................... 16

Three Crown Ltd. P'ship v. Caxton Corp.,
  817 F. Supp. 1033 (S.D.N.Y. 1993) ................................................................... 4

Trotman v. Grand Central P'ship, Inc.,
  No. 06 Civ. 15450, 2007 WL 2847191 (S.D.N.Y. Oct. 1, 2007)......................... 8

United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.,
  994 F.2d 105 (2d Cir. 1993)............................................................................. 13

Williams v. Williams,
 23 N.Y.2d 592, 246 N.E.2d 333, 298 N.Y.S.2d 473 (1969) ...................................... 18

Wilson v. DiCaprio,
 278 A.D.2d 25, 717 N.Y.S. 2d 174 (1st Dep't 2000) ............................................ 14

Young v. Halle Hous. Assocs., L.P.,
 152 F. Supp. 2d 355 (S.D.N.Y. 2001) ....................................................... 11

Zapata v. City of New York,
 No. 06-1059-CV., 2007 WL 2742612 (2d Cir. Sept. 20, 2007) ............................ 8, 9


## STATUTES & OTHER AUTHORITIES:

N.Y. C.P.L.R.  (McKinney 2001):
 308[2] ........................................................................................... 6-7
 311(a)[1] ........................................................................................ 4, 5

N.Y. R.P.A.P.L. (McKinney Supp. 2007) § 853 ............................................... 13

N.Y. R.P.L. (McKinney 2006):
 § 223-b[1][a] ................................................................................... 12
 § 223-b[1][b] ................................................................................... 12
 § 223-b[1][c] ................................................................................... 12
 § 235-b ........................................................................................ 12

Fed. R. Civ. P. 4(e) ............................................................................. 6
 4(h)(1) ......................................................................................... 4, 5
 4(m)) ........................................................................................... 3, 8

61 Fed. Reg. 13,276 (1996) ..................................................................... 12

6A N.Y. Jur. 2d Assault-Civil Aspects § 1 (1997) ........................................... 13

59 N.Y. Jur. 2d False Imprisonment §§ 22-46 (1987) ......................................... 15

William L. Prosser, Prosser on the Law of Torts (1964) (3d ed.) ........................... 18

## PRELIMINARY STATEMENT

Defendant St. Margaret's House, a not-for-profit housing facility for low-income elderly and handicapped individuals, and defendant Joseph Breed, the Executive Director of St. Margaret's House, submit this memorandum of law in support of their motion to dismiss the complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Plaintiff, an unhappy holdover tenant of St. Margaret's House, has brought this action against the United States Department of Housing and Urban Development ("HUD"), St. Margaret's House, and Mr. Breed, seeking to transform a routine landlord-tenant dispute into a Federal civil rights case.[1]

As an initial matter, plaintiff has failed to properly serve St. Margaret's House or Mr. Breed. Moreover, plaintiff's substantive claims are meritless. For example, the only Federal law claim against St. Margaret's House and Mr. Breed invokes 42 U.S.C. § 1983 and the Federal Constitution. Yet, plaintiff fails to allege any facts that would support a finding that either such defendant was a "state actor" -- a pre-requisite to bringing such a claim against a private party. The remainder of plaintiff's claims, brought pursuant to state common law, are fatally flawed and should also be dismissed.

## STATEMENT OF FACTS

St. Margaret's House, located at 49 Fulton Street, New York, New York, is a not-for-profit housing facility that admits low-income elderly or handicapped individuals (and their

---

[1]   Plaintiff alleges that "this case was originally brought by Defendant St. Margaret House against Joshua Hope, as a holdover proceedings [sic] with the New York City Court, Housing Part, with the L&T Index number of 102744/06" (Compl. ¶ 1) and that "[t]his case should be removed into the U.S District Court" (Compl. ¶ 2). In fact, this case was commenced in this Court by the filing of plaintiff's own complaint -- the complaint that St. Margaret's House and Mr. Breed are moving to dismiss. Plaintiff has not "removed" the landlord-tenant proceeding, which is currently being litigated in the New York City Civil Court, New York County. See L&T Index No. 102744/06.

1

families) who meet the criteria for participation in the Section 8 housing program established by the United States Housing Act of 1937.  Affidavit of Joseph Breed in Support of Motion to Dismiss the Complaint, sworn to on November 13, 2007 (the "Breed Affidavit"), ¶ 2.  Joseph Breed is employed by St. Margaret's House as its Executive Director.  Compl. ¶ 6.  Plaintiff, a tenant of St. Margaret's House (Compl. ¶ 5), is the subject of an eviction proceeding pending in the New York City Civil Court, New York County, under L&T Index No. 102744/06.  Compl. ¶ 1.  St. Margaret's petition in the eviction proceeding alleges that plaintiff violated a substantial obligation of his lease through a litany of aggressive actions directed toward the tenants and employees of St. Margaret's House, including almost two dozen specifically identified episodes (supported by statements from numerous staff members, as well as by incident reports) in which plaintiff physically or verbally harassed or threatened such individuals.  Breed Aff., ¶ 3 and Ex. A.[2]

On November 1, 2006, Mr. Breed called 911 to report plaintiff's violent behavior, including the swinging of a cane at another resident and that resident's guest.  Compl. ¶ 11 and Ex. 1.  The police determined to take plaintiff to Bellevue Hospital for a psychiatric evaluation. Id.  According to that "Comprehensive Assessment Form", the triage nurse at Bellevue noted plaintiff's statement that he "know[s] the secrets of Communist China", as well as the triage nurse's own conclusion that the plaintiff was a "[p]otential danger to self".  Compl. Ex. 1 at 1-2. After evaluation, the Bellevue medical staff noted that plaintiff has "no insight." Id. at 7.

---

[2]    The holdover petition (annexed to the Breed Affidavit as Ex. A) may be placed before the court on this motion to dismiss as it is a document "either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit."  Brass v. American Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).  As plaintiff's first claim is for retaliatory eviction, the holdover petition clearly falls within the ambit of this rule.

As reflected by the docket herein, plaintiff commenced the instant action on June 4, 2007 and, pursuant to the Federal Rules of Civil Procedure, was therefore required to effect service by October 2, 2007. Fed. R. Civ. P. 4(m); Affidavit of Matthew S. Fenster in Support of Motion to Dismiss the Complaint, sworn to on November 13, 2007 (the "Fenster Affidavit"), ¶ 2 and Ex. A.[3] On July 11, 2007, one copy of the complaint herein and one copy of the civil cover sheet were left with Josephine Chung, the Coordinator for Maintenance, Housekeeping, and Security for St. Margaret's House. Breed Aff., ¶ 4; Affidavit of Josephine Chung in Support of St. Margaret's House and Joseph Breed's Motion to Dismiss the Complaint, sworn to on November 13, 2007 (the "Chung Affidavit"), ¶ 3. No summons was served, and at no other time did Plaintiff attempt in any way to effect service on St. Margaret's House or Mr. Breed. By letter dated July 25, 2007, counsel for St. Margaret's House and Mr. Breed wrote to plaintiff's attorney, and explained the failure of service. Fenster Aff., ¶ 4 and Ex. B. Plaintiff's counsel never responded to the July 25, 2007 letter.

Plaintiff's counsel first addressed this issue by letter dated "October 9, 2007". Fenster Aff., ¶ 5 and Ex. D. The fax was sent at 10:40 a.m. on October 16, 2007, precisely as a scheduled Court conference in this case was taking place -- a conference at which plaintiff's counsel failed to appear. Id. Plaintiff's October 16, 2007 letter attached a purported "Affidavit of Service" that has never been filed with the Court, contrary to Fed. R. Civ. P. 4(l). See Fenster Aff., Ex. A. The "Affidavit of Service" does not allege service on a corporation.[4] Id.

---

[3] "[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." LeBlanc v. Cleveland, 198 F.3d 353, 356 (2d Cir. 1999).

[4] St. Margaret's House is operated by St. Margaret's House Housing Development Fund Corporation. Breed Aff., ¶ 1.

## ARGUMENT

### POINT I

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS AGAINST ST. MARGARET'S HOUSE AND MR. BREED FOR INSUFFICIENCY OF PROCESS

The complaint should be dismissed in its entirety as against St. Margaret's House and Mr. Breed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of process, because (i) plaintiff has never served a summons on either defendant, and (ii) plaintiff did not properly serve the complaint on either defendant. See Three Crown Ltd. P'ship v. Caxton Corp., 817 F. Supp. 1033, 1050 (S.D.N.Y. 1993) (plaintiff bears burden of proving valid service). See also Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005) (citing Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (when a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service)). As discussed below, plaintiff cannot meet its burden.

### A.    Plaintiff Failed to Properly Serve St. Margaret's House

The Federal Rules of Civil Procedure require that service of process upon a corporation be made either (i) pursuant to state law, or (ii) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1).[5] St. Margaret's House has not been properly served under this rule.

First, the so-called "Affidavit of Service" belatedly tendered by plaintiff contains check-marks for "suitable age person" and "mail copy" – both applicable to service on an

---

[5]    New York State law permits service by delivering a copy of the summons to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service". New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 311(a)[1].

individual – but not a "corporation." Thus, even if the "Affidavit of Service" is taken at face value, it does not indicate service upon St. Margaret's House.

Second, the factual circumstances under which this "Affidavit of Service" was produced raise serious questions as to its credibility. On July 25, 2007, shortly after a copy of the complaint and a copy of the civil cover sheet were left at St. Margaret's House, counsel for St. Margaret's House and Mr. Breed notified plaintiff's counsel in writing that no summons had been served and that service was otherwise deficient. Fenster Aff., ¶ 4 and Ex. B. Plaintiff's counsel did not contemporaneously dispute these facts. Nor did plaintiff's counsel file the "Affidavit of Service" pursuant to Fed. R. Civ. P. 4(l) after the alleged service. In fact, it has not been filed to date. Fenster Aff., Ex. A. Rather, the "Affidavit of Service" was produced for the first time as an attachment to a letter written by plaintiff's counsel only after St. Margaret's House and Mr. Breed indicated to the Court their intention to move to dismiss for failure to serve. Fenster Aff., Ex. D. Under these circumstances, plaintiff's "Affidavit of Service" should be disregarded, leaving only the testimony of Mr. Breed and Ms. Chung that no summons has ever been served on St. Margaret's House. Breed Aff., ¶ 4; Chung Aff., ¶ 3.

Third, Ms. Chung, the employee who received the single set of the complaint and civil cover sheet, is not "an officer, a managing or general agent, or . . . any other agent authorized by appointment or by law to receive service of process" or a "director" or "cashier or assistant cashier" for St. Margaret's House. Fed. R. Civ. P. 4(h)(1); N.Y. C.P.L.R. 311(a)[1] (McKinney 2001); see Chung Aff., ¶ 2; Breed Aff., ¶ 5. Nor can Ms. Chung be considered a "managing or general agent" for St. Margaret's House. As stated by the Second Circuit, "[a] general or managing agent must be invested with powers of discretion and must exercise judgment in his duties, rather than being under direct superior control as to the extent of his duty

and the manner in which he executes it." Grammenos v. C.M. Lemos, 457 F.2d 1067, 1073 (2d Cir. 1972). Ms. Chung is an employee responsible for maintenance, housekeeping, and security at St. Margaret's House who was sitting at St. Margaret's House's reception desk and filling in for the lobby security officer when the complaint and civil cover sheet were delivered on July 11, 2007. Breed Aff., ¶ 4; Chung Aff., ¶ 3. There is no basis for finding that Ms. Chung is "invested with powers of discretion" such that she is a "general or managing agent." Grammenos, 457 F.2d at 1073. See Kwan v. Schlein, 441 F. Supp. 2d 491, 496 (S.D.N.Y. 2006) (dismissing complaint pursuant to Fed. R. Civ. P. 12(b)(5) where plaintiff failed to prove that defendant's "director of customer services" was an appropriate agent for service of process).

**B.    Plaintiff Failed to Properly Serve Mr. Breed**

The Federal Rules of Civil Procedure require that service of process upon an individual be made either (i) pursuant to state law, or (ii) "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process". Fed. R. Civ. P. 4(e). Plaintiff apparently purports to have served Mr. Breed pursuant to state law, and in particular, N.Y. C.P.L.R. § 308[2], which provides for service:

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . and by . . . mailing the summons by first class mail to the person to be served at his or her actual place of business.

N.Y. C.P.L.R. 308[2] (McKinney 2001). This provision also requires that "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either

such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing". Id.

When service of a federal summons and complaint is made on an individual pursuant to N.Y. C.P.L.R. § 308[2], as permitted by Fed. R. Civ. P. 4(e), service "is ineffective where a plaintiff does not file proof of service with the clerk within twenty days of the date on which the process server mailed the summons and complaint". Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 660 (S.D.N.Y. 1997), aff'd, 173 F.3d 844 (2d Cir. 1999). See also Pope v. Rice, No. 04 Civ. 4171, 2005 WL 613085, at *15 (S.D.N.Y. Mar. 14, 2005) ("Compliance with [the] filing requirement [of N.Y. C.P.L.R. § 308[2]] is particularly important where there is a dispute as to whether a proper mailing took place, as it represents evidence of mailing created and properly filed *in advance* of the dispute") (emphasis in original).  In this case, proof of service upon Mr. Breed was never filed, much less was it filed within the twenty-day period required by N.Y. C.P.L.R. § 308[2].  For this reason alone, the complaint must be dismissed as against Mr. Breed.

Moreover, for the reasons discussed above, the circumstances surrounding the so-called "Affidavit of Service" create serious doubt as to its genuineness, including the assertion, disputed by Mr. Breed, that a summons was ever served.  Breed Aff., ¶ 4; Chung Aff., ¶ 3. Additionally, while the "Affidavit of Service" contains boilerplate language of the required mailing, it also includes the notation "Certified Mail No. _____" -- consistent with the testimony of Mr. Breed and Ms. Chung that no copy of a summons or complaint was ever received by mail.  Breed Aff., ¶ 4; Chung Aff., ¶ 3.

Accordingly, Mr. Breed has not been properly served pursuant to Fed. R. Civ. P. 4(e).

**C.    Plaintiff Improperly Served Only A Single Copy of the Complaint**

          In addition to the fact that plaintiff has failed to properly serve either St. Margaret's House or Mr. Breed, plaintiff's service suffers from yet another overarching defect: only a single copy of the complaint and civil cover sheet were served, without any envelope, label or other indication as to the intended recipient. See Trotman v. Grand Central P'ship, Inc., No. 06 Civ. 15450, 2007 WL 2847191, at *1 (S.D.N.Y. Oct. 1, 2007) ("Although [plaintiff's counsel] filed three affidavits of service, it is not clear whether she delivered a copy of the summons and complaint for each defendant, as required").

**D.    Plaintiff's Failure to Properly and Timely Serve
the Summons and Complaint Should Not Be Excused**

          Rule 4(m) requires that service of the summons and complaint be made "within 120 days after the filing of the complaint." Fed. R. Civ. P. 4(m). In this case, no summons has ever been served on St. Margaret's House or Mr. Breed, and the complaint was not properly served on either defendant within the 120-day period. Under Rule 4(m), a plaintiff is entitled to an extension of the time to serve only upon a showing of "good cause." Fed. R. Civ. P. 4(m); Zapata v. City of New York, No. 06-1059-CV., 2007 WL 2742612, at *4 (2d Cir. Sept. 20, 2007).[6] Moreover, "[w]hile courts may excuse failure to comply with Rule 4(m)'s 120 day service requirement for good cause, a mistaken belief that service was proper does not constitute good cause . . . . Similarly, neglect and inadvertence do not suffice to support good cause." Jonas v. Citibank, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006). See also Astarita v. Urgo Butts & Co., No. 96 Civ. 6991, 1997 WL 317028, at *4 (S.D.N.Y. June 10, 1996) (finding absence of

---

[6]   In Zapata, the Second Circuit explained that "in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect." Id. at *5.

good cause for failure to serve and noting that "Plaintiff has been represented by counsel throughout this matter").  While the determination of whether to relieve a plaintiff of its failure to timely serve is committed to the discretion of the District Court, the Second Circuit has recently instructed that "before we will even consider vacating a Rule 4(m) dismissal for abuse of discretion, the plaintiff must ordinarily advance some colorable excuse for neglect".  Zapata, 2007 WL at *5.  Where, as here, a plaintiff represented by counsel not only fails to properly serve a named defendant within 120 days of the filing of the complaint, but also demonstrates indifference to a contemporaneous letter questioning the validity of service, (Fenster Aff., ¶ 4 and Ex. B), there can be no showing of "good cause" nor any other basis for the Court to excuse the plaintiff's blatant disregard for the Federal Rules of Civil Procedure.

For all of these reasons, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) as against St. Margaret's House and Mr. Breed.

### POINT II

### PLAINTIFF'S CLAIM FOR RETALIATORY EVICTION MUST BE DISMISSED AS A MATTER OF LAW AS AGAINST ST. MARGARET'S HOUSE AND MR. BREED

Plaintiff's first claim – for "Violation of Federal Rights in Wrongful and Retaliatory Eviction" – must be dismissed as against St. Margaret's House and Mr. Breed for several reasons.  To the extent the claim is brought under Federal law, the claim is improper as against St. Margaret's House and Mr. Breed because (i) neither of those defendants is a state actor, and (ii) plaintiff has not been evicted, and will not be evicted until after the conclusion of a court proceeding that will afford plaintiff the process that he is due.  Nor has plaintiff stated a claim for retaliatory eviction under state law, as he has failed to plead elements of each of the state statutes that he has cited.

A.    **Neither St. Margaret's House Nor Mr. Breed is a Proper
      <u>Defendant on a Claim Under the Constitution or 42 U.S.C. § 1983</u>**

Count One of the complaint invokes the First, Fifth, and Fourteenth Amendments to the United States Constitution as well as plaintiff's "civil rights under Title 42" (an apparent reference to 42 U.S.C. § 1983). At the outset, Section 1983 is inapplicable, as it applies only to alleged civil rights violations by state officials. <u>Dotson</u> v. <u>Griesa</u>, 398 F.3d 156, 162 (2d Cir. 2005) (noting that the Second Circuit has "long construed the phrase 'under color of state law' as used in . . . 42 U.S.C. § 1983 . . . to apply only to state actors, not federal officials"), <u>cert. denied</u>, 126 S. Ct. 2859 (2006). The only nexus to any governmental program or agency alleged in the complaint is that St. Margaret's House receives <u>federal</u> Section 8 funds. There is no allegation of any <u>state</u> involvement.

In any event, neither Section 1983 nor any of these constitutional provisions is applicable to a private party such as St. Margaret's House or Mr. Breed. As the Second Circuit has explained, "[i]t is axiomatic that the First and Fourteenth Amendments, and § 1983, apply only to state actors". <u>Leeds</u> v. <u>Meltz</u>, 85 F.3d 51, 54 (2d Cir. 1996). <u>See also</u> <u>Kahn</u> v. <u>NYU Med. Ctr.</u>, No. 06 Civ. 13455, 2007 WL 2000072, at * 4 (S.D.N.Y. July 10, 2007) ("because . . . Plaintiff has failed to show that the NYUMC is a state actor, no First or Fifth Amendment claim has been stated against him"). A private party may only be considered a state actor "if his/her conduct is 'fairly attributable to the state'". <u>Leeds</u>, 85 F.3d at 54 (quoting <u>Rendell-Baker</u> v. <u>Kohn</u>, 457 U.S. 830, 838 (1982)).[7]

---

[7]  In discussing the "state action" doctrine applicable to constitutional claims and the "under color of state law" standard applicable to Section 1983 claims, the Supreme Court has explicitly held that "the two inquiries are the same." <u>Georgia</u> v. <u>McCollum</u>, 505 U.S. 42, 53 n.9 (1992). <u>See also</u> <u>American Mfrs. Mut. Ins. Co.</u> v. <u>Sullivan</u>, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct'") (quoting <u>Blum</u> v. <u>Yaretsky</u>, 457 U.S. 991, 1002 (1982)).

In this case, the only allegations that could conceivably relate to a finding of state action on behalf of St. Margaret's House is its acceptance of Section 8 funds. However, "[public] payments for services rendered do not convert the service providers into public actors". Brentwood Acad. v. Tennessee Secondary Sch. Ath. Ass'n, 531 U.S. 288, 299 (2001); Rendell-Baker, 457 U.S. at 840 ("the school's receipt of public funds does not make the discharge decisions acts of the State"). Cf. San Francisco Arts & Aths., Inc. v. United States Olympic Comm., 483 U.S. 522, 544 (1987) ("The Government may subsidize private entities without assuming constitutional responsibility for their actions"). Accordingly, St. Margaret's House's receipt of such funds is a legally insufficient basis upon which to find that it or Mr. Breed is a state actor.

Notably, in Young v. Halle Hous. Assocs., L.P., 152 F. Supp. 2d 355 (S.D.N.Y. 2001), the Court dismissed a Section 1983 claim brought by tenants of a housing complex that not only accepted Section 8 funds, but which also received a variety of other forms of public funding as well. Id. at 358-59. See also Rivera v. Phipps Houses Servs., Inc., No. 01 Civ. 2324, 2001 WL 740779, at *4 (S.D.N.Y. June 29, 2001) ("since § 1983 enables private actions only against state actors, it presumably does not authorize private suits in landlord-tenant disputes, such as [this]"). As the receipt of Section 8 funds cannot convert either St. Margaret's House or Mr. Breed into a state actor, plaintiff's constitutional and Section 1983 claims must be dismissed as against those defendants.

Plaintiff's due process claim is also unripe because eviction proceedings are ongoing and plaintiff has not yet been evicted. Adler v. Kent Vill. Hous. Co. Inc., 123 F. Supp. 2d 91, 93-94 (E.D.N.Y. 2000) (dismissing plaintiffs' due process claims as unripe where administrative eviction-related proceedings were ongoing). Moreover, if plaintiff is in fact

evicted, it will only be after conclusion of a court proceeding that will have afforded plaintiff all of the process that he is due.  Significantly, HUD has determined that the summary eviction proceedings under Article 7 of New York Real Property Actions and Proceedings Law satisfy the constitutional requirements of due process.  61 Fed. Reg. 13,276 (1996).  For these reasons as well, plaintiff has failed to state a claim against St. Margaret's House or Mr. Breed for violation of his due process rights.

**B.    Plaintiff Fails to State a Claim for Retaliatory Eviction Under State Law**

Plaintiff has failed to plead the requirements of a claim pursuant to Section 223-b of the New York Real Property Law.[8]  Plaintiff simply alleges in Count One that defendants retaliated against him "in reprisal to Plaintiff's vocal criticism against Defendants mal-treatment of his fellow residents in St. Margaret House".  That statement alone does not fit within any of the forms of protected activities set forth in Section 223-b.  The plaintiff has not alleged that he made "a good faith complaint . . . to a governmental authority of the landlord's alleged violation of any health or safety law, regulation, code, or ordinance, or any law or regulation which has as its objective the regulation of premises used for dwelling purposes or which pertains to the offense of rent gouging" (N.Y. R.P.L. § 223-b[1][a] (McKinney 2006)); took any actions "in good faith . . . to secure or enforce any rights under the lease or rental agreement, under [N.Y. R.P.L. § 235-b] or under any other law  . . . which has as its objective the regulation of premises used for dwelling purposes or which pertains to the offense of rent gouging" (N.Y. R.P.L. § 223-b[1][b]); or "participat[ed] in the activities of a tenant's organization" (N.Y. R.P.L. § 223-b[1][c]).

---

[8] Plaintiff's citations to the Real Property Law in Count One seem erroneous, and it appears that plaintiff's claim is being brought pursuant to New York Real Property Law Section 223-b.

Nor has plaintiff stated a claim under Section 853 of the New York Real Property Actions and Proceedings Law.  By its terms, that provision applies where "a person is disseized, ejected, or put out of real property in a forcible or unlawful manner" or "is held and kept out by force or by putting him in fear of personal violence or by unlawful means".  N.Y. R.P.A.P.L. § 853 (McKinney Supp. 2007).  Not only has plaintiff failed to allege that he has in any way been removed from or kept out of his unit at St. Margaret's House, plaintiff in fact states on the first page of the complaint that he is "a resident of New York, domiciled at 49 Fulton Street, Apt. 17E, New York, NY".  Compl. at 1.  That is the address of St. Margaret's House, where plaintiff in fact continues to physically reside as state court proceedings are ongoing.  Breed Aff., ¶ 3.

In sum, plaintiff's state law claims for retaliatory eviction should be dismissed for failure to state a claim.

## POINT III

### PLAINTIFF'S CLAIMS FOR ASSAULT AND BATTERY MUST BE DISMISSED AS A MATTER OF LAW AS AGAINST ST. MARGARET'S HOUSE AND MR. BREED

In Count Two, Plaintiff fails to plead the requisite elements for either assault or battery as against St. Margaret's House or Mr. Breed.  As explained by the Second Circuit:

> Under New York law, "[a]n 'assault' is an intentional placing of another person in fear of imminent harmful or offensive contact. A 'battery' is an intentional wrongful physical contact with another person without consent." United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp., 994 F.2d 105, 108 (2d Cir. 1993) (collecting authorities); accord Charkhy v. Altman, 252 A.D.2d 413, 414, 678 N.Y.S.2d 40 (1st Dep't 1998); 6A N.Y. Jur .2d Assault-Civil Aspects § 1 (1997).

Girden v. Sandals International, 262 F.3d 195, 203 (2d Cir. 2001).  Nowhere in the complaint does plaintiff allege that Mr. Breed or any other employee of St. Margaret's House has placed

him "in fear of imminent harmful or offensive contact". <u>Id.</u> Nor does plaintiff allege that there has in fact been any "intentional wrongful physical contact" by Mr. Breed or any other employee of St. Margaret's House against plaintiff. <u>Id.</u> Rather, plaintiff alleges only that "six New York City Police officials . . . caused violent and offensive touch and subduing of the Plaintiff's person". Complaint, Count Two.

Plaintiff has not pleaded any facts on which St. Margaret's House or Mr. Breed could be liable on a theory of "aiding and abetting" any alleged assault, since such a theory requires an "overt act in furtherance of the alleged assault". <u>Offenhartz</u> v. <u>Cohen</u>, 168 A.D.2d 268, 562 N.Y.S. 2d 500 (1st Dep't 1990). At best, plaintiff has alleged in Count Two that Mr. Breed placed a phone call to the police. That is several steps removed from any "overt act" in furtherance of any alleged assault, and is legally insufficient to establish liability on the part of St. Margaret's House or Mr. Breed. <u>Compare</u> <u>Wilson</u> v. <u>DiCaprio</u>, 278 A.D.2d 25, 26, 717 N.Y.S. 2d 174, 174 (1st Dep't 2000) (sustaining denial of motion to dismiss theory of aiding and abetting assault and battery where plaintiff alleged "close relationship between [defendant] and other persons involved, [defendant's] shout to the group, 'We'll go kick his [_____]', and the immediate reaction of the other members of the group to follow and assault plaintiff"). Plaintiff has failed to state a claim for assault and battery as against St. Margaret's House or Mr. Breed.

## POINT IV

### PLAINTIFF'S CLAIMS FOR FALSE ARREST AND FALSE IMPRISONMENT MUST BE DISMISSED AS A MATTER OF LAW AS AGAINST ST. MARGARET'S HOUSE AND MR. BREED

Plaintiff also fails to state a claim for "false arrest" (Count Three) or "false imprisonment" (Count Four) as against St. Margaret's House or Mr. Breed. At the outset, "[i]n

-14-

New York, the tort of false arrest is synonymous with that of false imprisonment". Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991) (citing Jacques v. Sears, Roebuck & Co., 30 N.Y.2d 466, 473, 285 N.E.2d 871, 875, 334 N.Y.S.2d 632, 639 (1972)).  The elements of this cause of action, no matter how denominated, are as follows: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged".  Id. (citing Broughton v. New York, 37 N.Y.2d 451, 456, 335 N.E.2d 310, 316, 373 N.Y.S.2d 87, 93,  cert. denied, 423 U.S. 929 (1975)).  Neither St. Margaret's House nor Mr. Breed is alleged to have played any direct role in plaintiff's confinement.  Rather, plaintiff alleges that Mr. Breed "aided and abetted" the police officers who transported plaintiff to Bellevue Hospital by having earlier placed a call to the police.  However, a third party will not be liable for false arrest or false imprisonment unless he "affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious, and undue zeal to the point where the officer is not acting of his own volition."  Curley v. AMR Corp., 153 F.3d 5, 13-14 (2d Cir. 1998) (citing 59 N.Y. Jur. 2d False Imprisonment §§ 22-46 (1987)).  Plaintiff makes no such allegation herein.

        Once again, plaintiff alleges only that Mr. Breed placed a telephone call to the police.  That is clearly not actionable, since under the law of false arrest and false imprisonment, "[t]here is no liability for merely giving information to legal authorities, who are left entirely free to use their own judgment in effecting an arrest, or in swearing out a criminal complaint so that an arrest is legally authorized".  Chapo v. Premier Liquor Corp., 259 A.D.2d 1050, 1051, 688 N.Y.S.2d 342, 343 (4th Dep't 1999) (citing Cobb v. Willis, 208 A.D.2d 1155, 1156, 617 N.Y.S.2d 601, 603 (3d Dep't 1994)).  See also Perez v. Charter One FSB, 298 A.D.2d 447, 448,

748 N.Y.S.2d 392, 393 (2d Dep't 2002) (dismissing "false arrest and false imprisonment" claim where defendant "merely supplied information to the police who determined that an arrest was appropriate"); Schrull v. Shafer, 252 A.D.2d 723, 723, 675 N.Y.S.2d 395, 396 (3d Dep't 1998) ("A civilian complainant cannot be held liable for false arrest where he has purely furnished information to legal authorities, who were then free to use their own judgment as to whether an arrest would be made or criminal charges filed").

For all of these reasons, plaintiff's claims for false arrest and false imprisonment must be dismissed as against St. Margaret's House and Mr. Breed.

### POINT V

### PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED AS A MATTER OF LAW AS AGAINST ST. MARGARET'S HOUSE AND MR. BREED

Count Five of the complaint, for intentional infliction of emotional distress, is also legally deficient as against St. Margaret's House and Mr. Breed. "The state law tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." Bender v. City of New York, 78 F.3d 787, 790 (1996) (citing Howell v. New York Post Co., 81 N.Y.2d 115, 121, 612 N.E.2d 699, 702, 596 N.Y.S.2d 350, 353 (1993)). Moreover, "New York courts have imposed a very high threshold for intentional infliction of emotional distress claims, requiring that the conduct must be so outrageous and extreme 'as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Campoverde v. Sony Pictures Entm't, No. 01 Civ. 7775, 2002 WL 31163804, at **8, 11-12 (S.D.N.Y. Sept. 30, 2002)

(quoting Murphy v. American Home Prods. Corp., 58 N.Y.2d 293, 303, 448 N.E.2d 86, 90, 461 N.Y.S.2d 232, 236 (1983)) (finding no outrageous conduct where plaintiff alleged he was confined by defendant).

The facts alleged by plaintiff herein are clearly not sufficiently extreme or outrageous so as to support a claim for intentional infliction of emotional distress against St. Margaret's House or Mr. Breed under New York law.  The conduct alleged -- a telephone call placed to the police -- is hardly conduct that is "regarded as atrocious, and utterly intolerable in a civilized community".  Murphy, 58 N.Y.2d at 303.  Count Five of the complaint should be dismissed as against St. Margaret's House and Mr. Breed.

**POINT VI**

**PLAINTIFF'S CLAIM FOR MALICIOUS ABUSE OF CIVIL PROCESS MUST BE DISMISSED AS A MATTER OF LAW AS AGAINST ST. MARGARET'S HOUSE AND MR. BREED**

Plaintiff's claim for "malicious abuse of civil process" (Count Six) – apparently a claim for either malicious prosecution or abuse of process – must be dismissed as against St. Margaret's House and Mr. Breed.  A claim for malicious prosecution must fail because it is not yet ripe.  "A cause of action for malicious prosecution in New York has four elements: (1) the initiation of an action by the defendant against the plaintiff, (2) begun with malice, (3) without probable cause to believe it can succeed, (4) that ends in failure or, in other words, terminates in favor of the plaintiff."  O'Brien v. Alexander, 101 F.3d 1479, 1484 (2d Cir. 1996) (citing Broughton, 37 N.Y.2d at 457, 373 N.Y.S.2d at 94, 335 N.E.2d at 314).  There is no allegation in the complaint that the landlord-tenant proceeding against plaintiff has terminated in his favor.  Indeed, the proceeding is ongoing.  Breed Aff., ¶ 3.  This alone requires dismissal of plaintiff's claim for malicious prosecution.

As to the second and third elements of malice and probable cause, it should also be noted that St. Margaret's petition in the eviction proceeding alleges that plaintiff violated a substantial obligation of his lease through a litany of aggressive actions directed toward the tenants and employees of St. Margaret's House.  Breed Aff., ¶ 3 and Ex. A.

Alternatively, if plaintiff's claim is for abuse of process, the claim is still deficient as a matter of law.  "[A] malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process."  Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003) (quoting Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994)).  For the purposes of this tort, "[p]rocess is a 'direction or demand that the person to whom it is directed shall perform or refrain from the doing of some prescribed act.'"  Williams v. Williams, 23 N.Y.2d 592, 596, 246 N.E.2d 333, 335, 298 N.Y.S.2d 473, 477 (1969) (internal citations omitted) (finding no claim for abuse of process where "process" was summons and complaint). "[T]he institution of an action is not process capable of being abused, regardless of [the plaintiff's] motives".  Roberts v. 112 Duane Assocs., 32 A.D.3d 366, 368, 821 N.Y.S.2d 33, 36 (1st Dep't 2006).  A cause of action for abuse of process may be premised on the improper use of writs of attachment, execution, garnishment, or sequestration proceedings, arrest, criminal prosecution, or the use of a subpoena for the collection of a debt.  Williams, 23 N.Y.2d at 596, 246 N.E.2d at 335, 298 N.Y.S.2d at 476 (citing William L. Prosser, Prosser on the Law of Torts 877-78 (1964) (3d ed.)).  In any event, whatever process is issued must actually interfere with the person or property of the plaintiff in order to support a claim of abuse of process.  Id.  Plaintiff has not identified any such "process" that has issued in the Civil Court proceedings.  Nor could

plaintiff allege interference with his person or his property, as he continues to reside at St. Margaret's House.  Additionally, with respect to the third element of abuse of process, plaintiff has not alleged any "collateral objective" for the eviction action beyond eviction itself.

Accordingly, Count Six of the complaint must be dismissed as against Mr. Breed and St. Margaret's House regardless of whether it is for malicious prosecution or abuse of process.

## POINT VII

### PLAINTIFF'S CLAIM FOR CIVIL CONSPIRACY MUST BE DISMISSED AS A MATTER OF LAW AS AGAINST ST. MARGARET'S HOUSE AND MR. BREED

Plaintiff's final claim for relief is for "civil conspiracy".[9]  However, "New York . . . does not recognize a substantive tort of civil conspiracy."  Payday Advance Plus, Inc. v. Findwhat.com, 478 F. Supp. 2d 496, 506 (S.D.N.Y. 2007).  Rather, "[u]nder New York law . . . conspiracy is merely the string whereby the plaintiff seeks to tie together those who, acting in concert, may be held responsible in damages for any overt act committed by a co-conspirator." Heinfling v. Colapinto, 946 F.Supp. 260, 265 (S.D.N.Y. 1996) (internal citations omitted).  Thus, "a claim for civil conspiracy requires an independent actionable tort. . . . With no underlying torts to support it, [a] claim for civil conspiracy cannot stand."  In re Parmalat Secs. Litig., 477 F. Supp. 2d 602, 613 (S.D.N.Y. 2007).  Plaintiff's final count is a single sentence that reads as follows: "All Defendants, through actions or omissions; have jointly and severely [sic] caused, planned, designed, devised, involved, aided, encouraged, and help accomplished to allow all these gross civil rights violations/tortuous [sic] actions to occur against Plaintiff."  Compl. at 18.

---

[9]  This is the second claim denominated as "Count Six."

As this claim does not even attempt to allege "an independent actionable tort" (Parmalat, 477 F. Supp. 2d at 613), and each of plaintiff's other claims should be dismissed, the final claim for "civil conspiracy" should also be dismissed as against St. Margaret's House and Mr. Breed.

## **CONCLUSION**

The complaint should be dismissed in its entirety as against St. Margaret's House and Joseph Breed pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:    New York, New York
          November 13, 2007

                                        Respectfully submitted,

                                        CADWALADER, WICKERSHAM & TAFT LLP


                                        By:_____s/Matthew S. Fenster_____
                                                    Matthew S. Fenster

                                        Attorneys for Defendants St. Margaret's House
                                          and Joseph Breed
                                        Office and Post Office Address:
                                        One World Financial Center
                                        New York, New York  10281
                                        Telephone:  (212) 504-6000

Of Counsel:

     Peter G. Bergmann
     Ariel V. Gordon