UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

JOSHUA HOPE,                                             :

                              Plaintiff,      :        07-CV-4726 (RJS)

        -against-                                     :

U.S. DEPARTMENT OF HOUSING AND URBAN      :
DEVELOPMENT, ST. MARGARET HOUSE and
JOSEPH BREED,                                            :

                            Defendant.      :

------------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF MOTION TO DISMISS THE COMPLAINT
BY ST. MARGARET'S HOUSE AND JOSEPH BREED**

CADWALADER, WICKERSHAM & TAFT LLP
Attorneys for Defendants St. Margaret's House
 and Joseph Breed
Office and Post Office Address:
One World Financial Center
New York, New York  10281
Telephone: (212) 504-6000

**PRELIMINARY STATEMENT**

Defendant St. Margaret's House, a not-for-profit housing facility for low-income elderly and handicapped individuals, and defendant Joseph Breed, the Executive Director of St. Margaret's House, submit this reply memorandum of law in further support of their motion to dismiss the complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). In short, the Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss (undated) ("Plaintiff's Memorandum") provides no basis upon which to find that service has ever been effected on either St. Margaret's House or Mr. Breed, or that the failure to effect service should be excused. However, the Court need not dismiss this action simply upon insufficiency of process, as plaintiff does not even purport to respond to any of the points raised in the initial Memorandum of Law in Support of St. Margaret's House and Joseph Breed's Motion to Dismiss the Complaint dated November 13, 2007 ("Defendants' Initial Memorandum"), which demonstrates why each of plaintiff's claims should be dismissed against St. Margaret's House and Mr. Breed as a matter of law.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS AGAINST ST. MARGARET'S HOUSE AND MR. BREED FOR INSUFFICIENCY OF PROCESS**

In their moving papers, St. Margaret's House and Mr. Breed demonstrated that this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of process, because (i) plaintiff has never served a summons on either defendant, and (ii) plaintiff did not properly serve the complaint on either defendant. See Defendants' Initial Memorandum, Point I.

In its opposition to the instant motion to dismiss, plaintiff has failed to meet its burden of proving adequate service. See Three Crown Ltd. P'ship v. Caxton Corp., 817 F. Supp. 1033, 1050 (S.D.N.Y. 1993) (plaintiff bears burden of proving valid service). See also Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005) (citing Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (when a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service)).

Plaintiff's opposition to the instant motion provides no basis for crediting his so-called "affidavit of service". After ignoring defendants' counsel's letter to plaintiff's counsel indicating that no summons had been served (Affidavit of Matthew S. Fenster in Support of Motion to Dismiss Complaint, sworn to on November 13, 2007 ("Fenster Aff."), Ex. B), plaintiff proffered an affidavit of service (Fenster Aff., Ex. D) almost three months later, and then only in response to defendants' counsel's pre-motion letter to the Court. To this day, that affidavit of service has not been filed with the Court. Further detracting from the credibility of the affidavit of service, it contains only boilerplate and incomplete recitations regarding the alleged mailing, indicating "Certified Mail No. _____". Id. Plaintiff's sole attempt at rehabilitating the credibility of the affidavit of service is to point to the fact that a summons was in fact issued by the clerk at the commencement of this action. Pl. Mem. at 2. However, that is not probative as to the issue at hand: whether the summons was in fact served. Defendants respectfully submit that the sworn testimony of Mr. Breed and Ms. Chung (Affidavit of Joseph Breed in Support of Motion to Dismiss the Complaint, sworn to on November 13, 2007, ¶ 4; Affidavit of Josephine Chung in Support of Motion to Dismiss the Complaint, sworn to on November 13, 2007, ¶ 3) that no summons was served is dispositive in light of: (i) plaintiff's failure to contemporaneously respond to the July 25, 2007 letter; (ii) plaintiff's failure to file the affidavit of service; (iii) the

facial lack of credibility of the affidavit of service; and (iv) the failure of plaintiff to submit a further affidavit from the process server responding to the affidavits of Mr. Breed and Ms. Chung.

As to service on St. Margaret's House, plaintiff also offers no facts in support of a finding that Ms. Chung is a managing or general agent, or a corporate officer upon whom service may be made. Rather, plaintiff accepts that Ms. Chung is the facility's Coordinator for Maintenance, Housekeeping and Security, and adds that she is "18 years or older" and "mentally competent". Pl. Mem. at 3-4. The fact that Ms. Chung is a competent adult obviously does not transform her from the Coordinator for Maintenance, Housekeeping and Security into a managing or general agent for St. Margaret's House.

Plaintiff also inappropriately relies on Rule 4(h)(1) of the Federal Rules of Civil Procedure in support of his claim that service on St. Margaret's House was proper. That rule permits service on a corporation "in the manner prescribed [for individuals] by [subdivision] (e)(1)". Fed. R. Civ. P. 4(h)(1). Apparently, plaintiff's claim is that because Ms. Chung is an "individual", she was thereby authorized by law to accept service on behalf of St. Margaret's House. Pl. Mem. at 6. Not only is that interpretation of the rule illogical – as it would eviscerate the requirement that service on a corporation be effected by serving a corporate officer or agent – but it is simply wrong. The reference in Rule 4(h)(1) to Rule 4(e)(1) is simply an incorporation by reference of the language in Rule 4(e)(1) permitting service "pursuant to the law of the state in which the district court is located". See Krepps v. Reiner, No. 05 Civ. 0107, 2005 WL 1793540, at *2 (S.D.N.Y. July 27, 2005) ("Rule 4(h)(1) further provides that service upon a corporation may be made 'in the manner prescribed for individuals by subdivision (e)(1) . . . .' Fed.R.Civ.P. Rule 4(h)(1). Rule 4(e)(1), in turn, provides that service may be made 'pursuant to

the law of the state in which the district court is located, or in which service is effected. . . .'"). For the reasons mentioned in defendants' moving papers, plaintiff has likewise failed to effect service under state law. Defendants' Initial Memorandum, Point I(A).

Plaintiff does not even attempt to respond to any of the points establishing the failure to serve Mr. Breed. See Defendants' Initial Memorandum, Point I(B). Among other things, plaintiff's failure to file proof of service is fatal to his attempt at serving Mr. Breed. Service pursuant to Section 308[2] of the New York Civil Practice Law and Rules (i.e., by leaving a copy of the summons with a person of "suitable age and discretion") requires filing of proof of service "within twenty days of the date on which the process server mailed the summons and complaint". Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 660 (S.D.N.Y. 1997), aff'd, 173 F.3d 844 (2d Cir. 1999).

Finally, plaintiff asserts that his failure to serve properly is "no[t] prejudicial to Defendants" (Pl. Mem. at 5), and invokes a 1983 case from a District Court in Pennsylvania in which the Court quashed the improper service and permitted the plaintiff to attempt service again. See National Expositions, Inc. v. DuBois, 97 F.R.D. 400, 403 (W.D. Pa. 1983). However, in this case, the 120-day window within which to serve the summons has expired. See Defendants' Initial Memorandum, Point I(D); Fed. R. Civ. P. 4(m). Moreover, the Second Circuit recently explained that a plaintiff is entitled to an extension of the time to serve only upon a showing of "good cause". Fed. R. Civ. P. 4(m); Zapata v. City of New York, No. 06-1059-CV., 2007 WL 2742612, at *4 (2d Cir. Sept. 20, 2007). Finally, the Court of Appeals noted that "in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect". Id. at *5. Plaintiff's failure to

serve the summons and complaint in a timely and proper fashion upon St. Margaret's House and Mr. Breed cannot and should not be excused.

## POINT II

### EACH OF PLAINTIFF'S CLAIM SHOULD BE DISMISSED AS A MATTER OF LAW AS AGAINST ST. MARGARET'S HOUSE AND MR. BREED

Plaintiff does not respond to any of the substantive bases for dismissal asserted by St. Margaret's House and Mr. Breed with respect to each of plaintiff's claims. See Defendants' Initial Memorandum, Points II-VII. Instead, plaintiff offers a single unsworn letter from a non-party relating to an incident that occurred on October 7, 2007, as if that letter somehow cures all of plaintiff's pleading deficiencies. That is not the case. First, an unsworn letter is not an appropriate means by which to provide testimony on a motion. See Ciccotto v. LCOR Inc., No. 99 Civ. 11646, 2001 WL 514304, at *2 n.7 (S.D.N.Y. Jan. 31, 2001) ("Because this letter by former counsel is unsworn, its contents will not be relied on as responsive to the defendant's motion"). In any event, not only is the letter irrelevant to the bases for dismissal discussed in defendants' moving papers, it is also factually erroneous, as discussed in the accompanying Reply Affidavit of Joseph Breed in Further Support of Motion to Dismiss the Complaint, sworn to on December 18, 2007, ¶ 3.

Accordingly, for the reasons set forth in defendants' moving papers, each of plaintiff's claims against St. Margaret's House and Mr. Breed should be dismissed as a matter of law.

## CONCLUSION

The complaint should be dismissed as against St. Margaret's House and Joseph Breed pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:   New York, New York
         December 18, 2007

Respectfully submitted,

CADWALADER, WICKERSHAM & TAFT LLP

By:        s/Matthew S. Fenster
           Matthew S. Fenster

Attorneys for Defendants St. Margaret's House
  and Joseph Breed
Office and Post Office Address:
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000

Of Counsel:

   Peter G. Bergmann
   Ariel V. Gordon