IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF NEW YORK

| | |
|---|---|
| Joshua Hope<br>49 Fulton Street, #17E<br>New York, NY 10038<br><br>    Plaintiff<br><br>              vs.<br><br>St. Margaret House<br>49 Fulton Street<br>New York, NY 10038<br><br>Joseph Breed<br>St. Margaret House<br>49 Fulton Street<br>New York, NY 10038<br><br>1st Precinct of New York Police Department (NYPD)<br>16 Erricsson Place<br>New York, NY 10013<br><br>    Defendants | Civil Action<br>No.07-CV-4726<br>The Hon. Sullivan |

## PLAINTIFF'S NOTICE TO IMPLEAD THE FIRST PRECINCT OF NEW YORK POLICE DEPARTMENT (NYPD) AS THE THIRD PARTY DEFENDANT

Comes now Joshua Hope, the plaintiff, acting by and through undersigned counsel, respectfully file this third party impleader against third party Defendant, the First Precinct of the New York Police Department, praying to this Honorable Court to incorporate and docket this third party impleader into the instant pending action, pursuant to Rule 14, of the Rules of Federal Civil Procedures, for the following allegation:

Statement of Facts

1. On December 7, 2007, recklessly acting on false information made by Defendant Joseph Breed from Defendant St. Margaret House, without screening its authenticity or falsity, a group of seven police officers were dispatched from the

1

      First Precinct of the NYPD, falsely arrested plaintiff. This third Party Defendant also falsely and forcefully detained Plaintiff inside Bellvue Hospital, Psychiatric Department (a potential third party defendant yet to be investigated and possibly sued), during the period from December 7, 2007 through December 21, 2007.

2. During the course in implementing such false arrest and false imprisonment, excessive brutal force, violence and brutality were used. The Plaintiff was violently knocked down to the ground, violently, completely unnecessarily, subdued the plaintiff by twisting his arms, wastefully handcuffed him and restrained him with four point restraint, and forcefully escorted him into the premeditated place of false imprisonment: movement restraint area of psychiatric department, Bellvue Hospital;

3. Plaintiff was an 87-year old senior citizen, unarmed, sound-minded, rational and peaceful, in fading health with multiple chorological diseases. During and before the interaction with seven police officers on that very date, Plaintiff did not do anything oddly or controversial. On the later morning of December 7, 2007, Plaintiff, accompanied with her nursing assistant, namely, Ms. Weiying Xiao, very briefly stopped at the door of Defendant Joseph Breed's Office. With the presence of his nursing assistant, Plaintiff made an oral report about an insignificant incident in the neighborhood in civilized manner. While Defendant Breed told him he was meeting with a guest from California, and having Plaintiff sit at the lobby seat and waiting for him a while. Plaintiff followed that advice and seated himself at a corner of the lobby quietly. There is no disputes, no disorderly conducts by anybody, not even oral argument, during the prelude period before sudden appearance of seven police officers in two police troop vehicles, having apparently been called for by Defendant Joseph Breed, by feeding the Defendant NYPD with malicious and fraudulent information, as part

      of his well orchestrated retaliatory scheme targeting Plaintiff for the latter' vocal criticism of management's questionable behavior on mandatory food price.

4. The excessive police force and violent assault used in carrying out the false arrest and false imprisonment has caused severe consequences: Plaintiff suffers lingering acute pain and muscle injuries upon his neck, back, shoulder and upper extremity of arms. Plaintiff was being falsely imprisoned in Bellvue Hospital for 14 days with no justifiable cause.

5. The same third party defendant had recklessly and maliciously committed the same and similar brutal abuses, all recklessly acting on false information fed by Defendants Joseph Breed of Defendant St. Margaret House, against the Plaintiff, without screening its authenticity, for at least nine more times before this most recent, the most serious incident of December 7, 2007. One of these most serious altercation occurred on November 1, 2006, when police from 1st Precinct also forcefully escorted Plaintiff to Bellvue Hospital for false imprisonment. Plaintiff was later discharged by the Hospital on the same day with the diagnostic finding of being sound-minded, with his defense counsel's immediate intervention.

6. The third party defendant's repeated reckless abuses against the Plaintiff has tramped the Plaintiff inalienable constitutional rights under 5th and $14^{th.}$ Amendment. While such repeated pattern of police abuses has also violated the Plaintiff's civil rights under 42USC 1983, New York State Constitution, Bill of Rights, and New York State Human Rights Act.

7. The foregoing violations had been properly complained to the State Attorney General's Office and the Headquarter of the NYPD.

8. The named third party Defendant, the First Precinct of New York Police is a statement government agency, and integral part of the New York State.

## 2. JURISDICTION AND VENUE

The subject matter jurisdiction is herein claimed as Federal Question jurisdiction pursuant to 28 U.S.C. § 1331.  **In this instant case, the named third party Defendant, through actions or omissions, jointly or severally committed such serious civil rights violations and such civil torts against the plaintiff as assaults and bateries, malicious prosecution, false arrests, false imprisonment, intentional/negnigent inflict of emotional distress, etc.**

**Defendant HUD is a Federal agency administrating the Federal housing subsidies under Section 8 has abandoned its administrative role to allow co-defendants to abuse such power deriving from such Federtal funds to persecute the Plaintiff, recipient of such Federal rental subsidy, the intended beneficiary under the Federal financial subsidy program tramping his lawfully protected civil rights by life threatening violence and fraud, have triggered Federal question jurisdiction.**

**Federal question jurisdiction** is a term used in the United States law of civil procedure to refer to the situation in which a United States federal court has subject matter jurisdiction to hear a civil case because the plaintiff has alleged a violation of the Constitution, laws, or treaties of the United States.

Article III of the United States Constitution permits federal courts to hear such cases, so long as the United States Congress passes a statute to that effect. However, when Congress passed the Judiciary Act of 1885.  The statute is now found at 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

This Honorable District Court's jurisdiction under 28USC 1331 is also found in the underlying cause pursuant to U.S. Federal Civil Rights Act under 42USC 1983 claimed pursuant to Conspiracies to Interfere With Civil Rights (*See* [[USC:42:1985|42 U.S.C. § 1985]); Conspiracy Against Rights of Citizens (*See* 18 U.S.C. § 241); Deprivation of Rights Under Color of Law, (*See* 18 U.S.C. § 242); The Jurisdictional Statue for Civil Rights Cases (*See* 28 U.S.C. § 1443);

The venue is proper in this judicial district under 28USC 1391(a) because the subject matter claimed arose herein the State of New York, and all defendants are residing within this Judicial District.

COUNTS AGAINST THE THIRD PARTY DEFENDANT

The third party defendant has committed following counts of intentional/reckless torts and civil rights abuses against the Plaintiff:

> Count One: Assault and Battery
>
> Count Two: Malicious Prosecution;
>
> Count Three: False Arrest
>
> Count Four: False Imprisonment;
>
> Count Five: Intentional Inflict of Emotional Distress;
>
> Count Six: Civil Conspiracy with Defendant St. Margaret House, while being voluntarily exploited by the co-conspirator as the latter's willing and unconscionable instrument Against Plaintiff in Scandalous Nursing home Type Abuses against the Helpless Aged and Disabled;
>
> Count Seven: General, overall Civil Rights Violations

REMEDIES SOUGHT

Remedy being sought by the Plaintiff against the above-named third defendant is as follows:

The Third Party Defendant shall be jointly and severely liable for all damages, actual, punitive and incidental, with the primary Defendants;

Additionally, the third Party defendant shall pay money damages ranging from symbolic one dollar for each count up to $100,000.00 for each count, for punitive damages, which shall be determined by the Jury.

Plaintiff also seeks for such Injunctive Relief that the named third party defendant shall be ordered to stay away from the Defendant within the reasonable distance as this Court finds it appropriate.   As provisional injunction, the Defendant shall be ordered to keep away from the Plaintiff within the reasonable distance as this Court finds it appropriate during the first three months.

Plaintiff also respectfully prays to this Honorable Court for such other relief as this court finds it appropriate.

PRAY FOR TRIAL BY JURY

Plaintiff respectfully prays that the facts of this case should be tried by a Jury.

Respectfully submitted

Ning Ye, Esq.
Counsel for the Plaintiff
36-26A Union Street, #3rd Floor
Flushing, NY 11355
Tel. 718-321-9899
Fax: 718-321-7722
Email: ynyale@aol.com