IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Joshua Hope | | ) |
| | | ) |
| | Plaintiff | ) File: 07-CV-4726 |
| | | ) The Hon. Sullivan |
| against – | | ) |
| | | ) |
| St. Margaret House, et al | | ) |
| | Defendants | ) |

---

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS*

On November 3,  2007, Defendants St. Margaret House and Joseph Breed, filed their Motion to Dismiss.  Defendants' Motion to dismiss has primarily built upon their repeated, but groundless allegation on so-called "insufficient Service", while remaining irresponsive to all other critical issues raised in the Plaintiff's complaint concerning this on-going, scandalous extremely severe torts against Plaintiff, a 87-year old senior citizen. Defendant's Response to the event, on its totality in their  "hit and ran" game in such a typical nursing home type scandal, our nation's widely infected epidemic, has demonstrated their lacks of candid in properly and decently defending their case.

Defendant's improper response to this on going legal action which is solely building upon what they alleged, yet completely unsupported "insufficient service", is such an illustration of covering up what defendants actually committed against Plaintiff. Therefore, Defendants' Motion to Dismiss should be instantly denied.

---

*Plaintiff's Opposition to Defendant's Motion to Dismiss is respectfully refiled electronically, without change of the original text, except for this footnote, following the Honorable Court's Order Issued on April 11, 2008. Defendant's Motion to Dismiss may not stand, or may not make any sense.  The recurrence of severe violence of even greater magnitude against the Plaintiff in December 2007 has made the statutory limitation for the underlying cause of action of this instant case alive, at this moment, as well as for next couple of months.  Therefore, Plaintiff is allowed to refile his Complaint de novo even assuming, arguendo, the existing case were dismissible for Defendant's alleged "insufficient service".  Therefore, the issue raised in Defendant's Motion may not be a reddressable issue, hence it may be moot.

I.      Procedural Posture

I-1. Defendants' Attacks on Service of Summons and Complaint Fail

Defendants St. Margaret House and Joseph Breed sought for Rule 12(b)5 Dismissal,

for what is alleged "insufficiency of Service".  Defendants argued that they did not

receive the Summons, while having admitted in the meantime that they received the

Complaint and a Cover page in timely manner.  Defendant further argued that the

Plaintiff's pleading paper was served upon

While seeking for Rule 12 (b)(5) dismissal, Defendants dishonestly argued that they

did not receive the Summons while admitting that they did receive Plaintiff's properly

docketed Complaint and an unspecified cover page.  Defendants' allegation on

insufficient service concerning "Summons" are doomed to have failed for the following

reasons:

A.  The Professional Process Server's Affidavit Statement clearly demonstrated that
    Summons/Complaint was duly served upon all defendants timely;
B.  The Court docket records indicated that Summons was issued "as to U.S.
    Department of Housing and Urban Development, St. Margaret House, Joseph
    Breed" on June 4, 2007, the exact same day when this instant case was filed by
    Plaintiff with the Clerk's Office;
C.  Defendants' noise in false issues concerning Summons' sounds suspicious,
    incredible, ridiculous, and of complete nonsense.  Plaintiff has noticed that the
    Defendants boldly sought for suppression of the Affidavit of the Professional
    Service concerning such proper, routine and ethical service.  In order to make
    their claim a serious matter and substantiate their allegation as of "insufficient
    service", Defendants may need to seek for suppression of this Court's Docketing
    Records as well.

Rule 4(a)  of Rules of Federal civil Procedures provides:

"The summons shall be signed by the clerk, bear the seal of the court, identify the
court and the parties, *be directed to the defendant,* and state the name and address
of the plaintiff's attorney or, if unrepresented, of the plaintiff. It shall also state the
time within which the defendant must appear and defend, and notify the defendant
that failure to do so will result in a judgment by default against the defendant for

the relief demanded in the complaint. The court may allow a summons to be amended." (Emphasis added)

It appears wasteful that Plaintiff has to cite the plain text of Rule 4 to rebut Defendants' such bizarre attack on Plaintiffs' alleged "insufficiency of service". This sort of attack designed and devised merely for the purpose to cover up the Defendants conscience shocking, disgusting tortuous behavior targeting Plaintiff may not be commonly seen in the history of civil procedures in this jurisdiction. The statutory text is self-explanatory, and Defendants' allegation appears fraudulent as they have routinely engaged. Pursuant to the above, the false issues frivolously raised by Defendants concerning Service of Complaint and summons should fail for such unambiguous statutory language and the well established fact as well.

I-2.  Defendants' Attacks on Service of Summons/Complaint Upon "Wrong Person" Appears Groundless and Absurd

In further support of Defendants' improper request for Rule 12(b)(5) dismissal, Defendants argued that the Plaintiff's Service upon defendants was insufficient because the Process Server failed to serve the Pleading paper to St. Margaret House's managers, executives or other authorized agents. Instead, according to Defendants' allegation. Instead, according to the allegation in support of Defendants' "hit and run" tactics, the Professional server served the Pleading paper to Josephine Chung, the Coordinator for Maintenance, Housekeeping and Security for St. Margaret House.

Defendants' attacks on Plaintiff's Service does not only appears unfounded, it appears absurd.

Who is Josephine Chung, apparently a non-child, likely mentally competent person who actually received, or made to have received, the complete pleading paper?

"I am an employee of St. Margaret House responsible for Maintenance…and security. …I have never functioned as a cashier or assistant cashier for St. Margaret House.  On July 11, 2007, when I was sitting at the Reception desk and filling in for a St. Margaret House lobby security officer," (See Josephine Chung's Affidavit, emphasis added)

According to admission submitted by Defendants' own, the following facts are clear:

3

1. Chung is "an employee" for Defendant St. Margaret House;
2. Chung is made to be responsible for Defendant St. Margaret House's daily security and daily "maintenance";
3. Chung was made to sit at the Reception desk to exercise her employer's assigned duty to secure and maintain St. Margaret House.  Such a reception desk should be presumably situated in the front line of entrance without going through which no one would be able to step in further;
4. Chung actually took "one copy of the complaint, and one copy of the civil cover sheet" "left with her, who was the person sat behind the reception desk.
5. Chung was explicitly informed by the Process Server that the papers "left with her" are "legal documents", she nevertheless took.

What was left silent, but likely the facts are the following:

6. Chung is 18 years or older;
7. Chung is mentally competent;
8. Chung did not make any objection or protests, or rejection, in order to "correct" the Process Server's request for her to "receive" these "legal documents";
9. Chung did not inform the Process Server on July 11, 2007 that she had "never functioned as a cashier or assistant cashier for St. Margaret House", as she later was used to make such a post facto, retroactive statement, as contributory efforts to overthrow a well established legal order and professional conscience imbedded in Service mechanism.   At least Chung did not state in her Affidavit  that she had ever made such a disclaimer statement while she actually took the "legal documents" from the process server.
10. Chung did not throw these legal documents out of St. Margaret House. Instead, she, apparently acting and functioning properly according to what she was instructed to act and to function, submitted these legal documents to the management of St. Margaret House under Co-Defendant Joseph Breed.  As logic outcome of Ms. Chung's employment related function, Mr. Mathew S. Fenster, was notified with the on-going legal action, physically presented with complete pleading papers, made himself an appearance as defense counsel based upon such notice delivered via Ms. Chung, and raised Motion for Dismissal based upon the Defendants' full notice, full knowledge of what was going on.

Now, regardless of all these factual truth, Defendants now argued that no pleading papers was ever served upon proper authorities of St. Margaret House! Therefore, Plaintiff's Service was "insufficient"; therefore, Plaintiff';s Complaint against Defendants should be dismissed for reason of insufficient service.

The fact pattern seems to beat the Defendants' allegation: Ms. Chung, a non-cashier employee, who is in leadership of St. Margaret House's daily maintenance and security, was made by Defendants to sit at Reception desk to take, rather than to reject, or decline to take, or block by deceit, or made to intercept by snatching into her own hands, all court documents, is itself a manifestation that the expressively notified legal documents were received by the authorized right person.  While such paper was taken, served and accepted, the same person, by the same authorities, jumped over to deny that service was ever done to an authorized person.   Defendants' authorization for Ms. Chung to accept Service of court paper is manifested by the fact pattern itself. If such prima facie authorization was misunderstood by Ms. Chung on July 11, 2007, and her unauthorized acceptance of the service papers on the spot by her unconscionable error, such an error and its legal consequences should be swallowed by, and imputed into, her employer, the Defendants in this instant case under the doctrine of responder superiori.  Moreover, such "misunderstanding" of service is no prejudicial to Defendants, that timely received the Service paper, and timely prepared their Motion to Dismiss based upon their timely informed knowledge of the contents of the Complaint.

Defendants may be able to overturn the foregoing facts, if Defendants' mere purpose to place Ms. Chung, rather than placing a cashier, or an assistant cashier, at where she sat on July 11, 2007 is simply designed to defraud the Court by denying that Service had ever been made!  Under any event, neither Plaintiff, nor Plaintiff hired professional service person, should be bothered to interfere on Defendants' internal affairs as to who should be sitting at where Ms. Chung sat on July 11, 2007.

Under absolutely no circumstances that Defendants attacks that their employee/inferior's acceptance of the Service paper on July 11, 2007 was unauthorized can be construed as an ultimate defense to render this instant case dismissible for "insufficient service".

The Federal Rules of Civil Procedures concerning Service Upon Corporations and Associations made it crystal clear:

"Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

(1) in a judicial district of the United States *in the manner prescribed for individuals by subdivision (e)(1)*, *or* by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process…" (Emphasis added)

Pursuant to the foregoing quoted plain text of the Rules, the Service upon corporations was first made "in the manner prescribed for service upon individuals accordingly. The manner of service upon corporations specified after the key word "or" is apparently an alternative "manner of service". Even if the Defendants' attack on Service's "insufficiency" by invoking such service requirement set forth after the word "or", the foregoing fact pattern demonstrates that the Defendants action to place Ms. Chung to take or intercept court papers, had ripped off any defense for Defendants' own mischievous behavior.

I-3. Defendants' Request for this Honorable Court to "Disregard" the Professional Process Service Affidavits on Service Should be Rejected Instantly

To substantiate Defendants' ground for dismissal on "insufficient service" allegation, the impassible obstacle is the Affidavit of Service issued by the Professional Process' Server.

> "A complaint may be dismissed for insufficiency of service of process. However, where service of process is found to be ineffective, the court has discretion to either dismiss or to quash service which has been made." Nat'l Exposition, Inc. v. DuBois, 97 FRD, 400 (DC PA 1983)

It may be a well established practice to honor the Service completed by a professional service company because super majority of services of pleading papers, perhaps, even Defendants' own court papers, have been routinely handled and completed by professional process servers.  In a 4th circuit case, it held:

> "This Court notes that numerous courts have found personal service by a process server under Articles 10(b) and (c) to be valid in other States. *See, e.g., Koehler v. Dodwell, 152 F. 3d, 304 (4th Cir. 1998); Tamari v. Bache & Co. 431 F.Supp, 1226 (ND Ill., 1977) aff'd 565F.2d 1194 (7th Cir. 1977)*

It appears that the Defendants in this instant case goes to such an unprecedented extremity by seeking for suppressing the proper Service statement.  Such an irrational move should not be supported by this Honorable Court. Hence, it should be instantly denied for want of merits.

II. Defendants' Motion for Summary Dismissal per Rule 12(b)(6) Should be Denied

Defendants St Margaret House and Joseph Breed have jointly and severely committed the enumerated torts against the Plaintiff.  In Motion to Dismiss, said Defendants raised Rule 12(b)(6) Motion, briefly and vaguely argued that Plaintiff has failed to state the claim upon which relief can be granted.

To satisfy the statutory condition for summary dismissal under Rule 12(b)(6), Defendant must prove to the court that there is no triable issues presented to the court

in Plaintiff's complaint, while Plaintiff's claim failed to state the cause of action upon which relief can be granted, even if placing it in the most favorable light to Plaintiff. In this instant case, Defendants jointly and severally committed, and caused to have committed, and conspiring to have committed, or having committed in the capacity of joint tortfeasor, several most severe, life threatening torts such as battery and assault, false imprisonment, against a 87-year old, helpless senior citizen of fading health.  All such conscience shocking,  severe tortuous acts by conspiracy between Defendants are on-going, and being actively and continuously undertaken by those defendants momentarily.  While Defendant Joseph Breed has demonstrated on numerous occasions, the propensity of dishonest behavior.

While such serious torts targeting an innocent senior citizen was jointly and severally engaged in conspiracy by a HUD authorized, enabled, subsidized entity and persons under Section 8 program, such an infamous and scandalous nursing home type on-going abuses appears a serious violation of the Plaintiff's basic civil rights. As the most recent report demonstrated that the Defendants, while shielding them from "hit and run" scheme, attempting to escape from justice from this Honorable U.s. Court, are continuously committing personal injuries against the helpless Plaintiff by repeating their habitually played deceiving tactics: provoking interactions, or having their fully manipulated subjects to provoke interactions, tipping off the law enforcement by fraud to inflict further injury against the victimized Plaintiff, and exercising total control over the situation using its superior position within its controlled territory (see Mr. Well's Letter to Mr. Joseph Breed as Exhibit 1.)

All these are triable issues, not subject to summary dismissal under Rule 12(b)(6).   Consequently, Defendants' Motion for summary dismissal pursuant to Rule 12(b)5 and Rule 12(b)(6) should be denied for lack of merits.

Wherefore, in the light of foregoing, Plaintiff respectfully prays that Defendants' Motion for Summary Dismissal be denied.

Again, an oral argument concerning this procedural matter, if this Honorable Court finds it necessary, is respectfully prayed.

Respectfully submitted by

_____
/s/Ning Ye, Esq.
Counsel for the Respondent
36-26A Union Street, #3F
Flushing, NY 11354
Tel.: 718-321-9899
Fax: 718-321-7722
Email: ynyale@aol.com

Certificate of Service

Counsel for the Respondent hereby certifies that a copy of the above Opposition, has been served upon the following recipients by electronic mail via ECF system, on this 16th day of April, 2008:

**Mathew S. Fenster, Esq.**
**Cadwalader, Wickersham & Taft LLP**
**One World Financial Center**
**New York, NY 10281**

Pursuant to the Honorable Court's Order, a courtesy copy of the above was mailed to the Honorable Judge's Chamber by FedEx Delivery on this 16th   day of April, 2008.


_____
/s/Ning Ye, Esq.
Attorney at Law