UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

JOSHUA HOPE,                                              :

                Plaintiff,           :        07-CV-4726 (RJS)

    -against-                                            :

U.S. DEPARTMENT OF HOUSING AND URBAN      :
DEVELOPMENT, ST. MARGARET HOUSE and
JOSEPH BREED,                                             :

                Defendant.          :

------------------------------------------------------------------------x


**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT
OF ST. MARGARET'S HOUSE AND JOSEPH BREED'S
<u>MOTION TO DISMISS THE AMENDED COMPLAINT</u>**


                CADWALADER, WICKERSHAM & TAFT LLP
                Attorneys for Defendants St. Margaret's House
                 and Joseph Breed
                Office and Post Office Address:
                One World Financial Center
                New York, New York  10281
                Telephone: (212) 504-6000

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

POINT I      PLAINTIFF'S CLAIM FOR FRAUD, PERJURY, ETC.
MUST BE DISMISSED AS A MATTER OF LAW AS
AGAINST MR. BREED ..................................................................................... 1

POINT II     PLAINTIFF'S CLAIM UNDER THE NEW YORK TENANT
PROTECTION ACT MUST BE DISMISSED AS A MATTER OF LAW
AS AGAINST MR. BREED................................................................................ 3

POINT III    PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING AND
SUPERVISION MUST BE DISMISSED AS A MATTER OF LAW AS
AGAINST ST. MARGARET'S HOUSE.............................................................. 4

CONCLUSION ............................................................................................................................... 6

## **TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES:**

Flaherty v. Filardi,
    No. 03 Civ. 2167, 2007 WL 2734633 (S.D.N.Y. Sept. 19, 2007) ......................... 2

Frierson-Harris v. Hough,
    No. 05 Civ. 3077, 2006 WL 298658 (S.D.N.Y. Feb. 7, 2006) ............................... 3

Haybeck v. Prodigy Servs. Co.,
    944 F. Supp. 326 (S.D.N.Y. 1996), appeal dismissed, 116 F.3d 465 (TABLE), 1997
    WL 338844 (TEXT IN WESTLAW) (2d Cir.1997) ............................................... 5

Hopper v. Banana Republic, LLC,
    No. 07 Civ. 8526, 2008 WL 490613 (S.D.N.Y. Feb. 25, 2008) ............................. 4

Ippolito v. Meisel,
    958 F. Supp. 155 (S.D.N.Y. 1997) ........................................................................ 3

Kenneth R. v. Roman Catholic Diocese of Brooklyn,
    229 A.D.2d 159 (2d Dep't 1997) .......................................................................... 4

Kirkman v. Astoria Gen. Hosp.,
    204 A.D.2d 401, 611 N.Y.S.2d 615 (2d Dep't 1994) ............................................ 5

Lesavoy v. Gattullo-Wilson,
    170 Fed. Appx. 721 (2d Cir. 2006) ....................................................................... 2

Netchi v. Bernard,
    167 N.Y.S.2d 89 (Sup. Ct. 1957) .......................................................................... 3

Richardson v. New York Univ.,
    202 A.D.2d 295, 609 N.Y.S.2d 180 (1st Dep't 1994) ........................................... 5

Ross v. Mitsui Fudosan, Inc.,
    2 F. Supp. 2d 522 (S.D.N.Y. 1998) ....................................................................... 5

Stewart v. World Wrestling Fed'n Entm't Inc.,
    No. 03 Civ. 2468 RLC, 2005 WL 66890 (S.D.N.Y. Jan. 11, 2005) ...................... 2

**PAGE(S)**

**STATUTES & OTHER AUTHORITIES:**

Fed. R. Civ. P. 9(b) ............................................................................................................. 2

New York Tenant Protection Act, New York City Local Law 7, 2008,
    http://www.nyccouncil.info/html/legislation (document # 0627)
    § 1 ................................................................................................................................ 3
    § 4 ................................................................................................................................ 3
    § 5 ................................................................................................................................ 3

**PRELIMINARY STATEMENT**

Defendant St. Margaret's House, a not-for-profit housing facility for low-income elderly and handicapped individuals, and defendant Joseph Breed, the Executive Director of St. Margaret's House, submit this supplemental memorandum of law in further support of their motion to dismiss the amended complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). As noted in counsel's May 30, 2008 letter to the Court requesting permission to file this brief, the majority of the claims asserted as against St. Margaret's House and Mr. Breed are subject to dismissal for the reasons stated in the motion papers previously filed. This supplemental memorandum of law addresses only the three new claims asserted as against St. Margaret's House and Mr. Breed in Counts Eight through Ten of the amended complaint.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S CLAIM FOR FRAUD, PERJURY, ETC. MUST BE DISMISSED AS A MATTER OF LAW AS AGAINST MR. BREED**

Plaintiff's claim against Mr. Breed for "fraud, perjury and other unlawful abusive actions" (Count Eight) is apparently premised on telephone calls that Mr. Breed placed to 911 based on Mr. Hope's behavior. Count Eight fails to state a claim against Mr. Breed for at least three reasons: (i) plaintiff has not alleged reliance upon any alleged statement by Mr. Breed; (ii) plaintiff has failed to plead the alleged statements by Mr. Breed with particularity; and (iii) there is no private right of action for perjury.

A.  **Plaintiff has failed to allege reliance**

"To state a cognizable fraud claim under New York law, a plaintiff must allege (i) a misrepresentation or omission of a material fact; (ii) which was false and known to be false by defendant; (iii) made for the purpose of inducing plaintiff to rely on it; (iv) justifiable and reasonable reliance on the material misrepresentation or omission; and (v) resulting injury". Flaherty v. Filardi, No. 03 Civ. 2167, 2007 WL 2734633, at *5 (S.D.N.Y. Sept. 19, 2007) (citing Stewart v. World Wrestling Fed'n Entm't, Inc., No. 03 Civ. 2468, 2005 WL 66890, at *6 (S.D.N.Y. Jan. 11, 2005)). As plaintiff's claim for fraud is apparently premised on telephone calls placed by Mr. Breed to 911, there can be no claim that any statements by Mr. Breed were intended "for the purpose of inducing plaintiff to rely on [them]" or that there actually was "justifiable and reasonable reliance" on the part of the plaintiff. Put simply, any statements made in the context of a 911 call by Mr. Breed were not even made to the plaintiff, and thus cannot form the basis of a claim for fraud by the plaintiff.

B.  **Plaintiff has failed to allege fraud with sufficient particularity**

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity". Fed. R. Civ. P. 9(b). Plaintiff has failed to specifically identify the allegedly fraudulent statements made by Mr. Breed, thereby compelling dismissal of plaintiff's claim for fraud as against Mr. Breed. See Lesavoy v. Gattullo-Wilson, 170 Fed. Appx. 721, 723 (2d Cir. 2006) (dismissing fraud claim pursuant to Rule 9(b) where the complaint "[did] not identify the false statements . . . that give rise to her fraud allegations"). The sole statement specifically attributed to Mr. Breed is the alleged report by Mr. Breed to the police department in October 2007. Once again, however, a report by Mr. Breed to the

2

police department cannot be the basis for a fraud claim by the plaintiff, as the statement obviously was not meant to and did not induce any reliance on the part of the plaintiff.

C.    **There is no private right of action for perjury**

To the extent that plaintiff is attempting to assert a private right of action against Mr. Breed for perjury, that too must fail as a matter of law, since neither federal nor state law recognizes such a claim. See Ippolito v. Meisel, 958 F. Supp. 155, 167 (S.D.N.Y. 1997) (federal perjury statute creates no private right of action); Frierson-Harris v. Hough, No. 05 Civ. 3077, 2006 WL 298658, at *7 (S.D.N.Y. Feb. 7, 2006) ("New York has long declined to recognize a private cause of action 'for perjury or the use of false documents'") (quoting Netchi v. Bernard, 167 N.Y.S.2d 89, 90 (Sup. Ct. 1957)).

## POINT II

**PLAINTIFF'S CLAIM UNDER THE NEW YORK TENANT PROTECTION ACT MUST BE DISMISSED AS A MATTER OF LAW AS AGAINST MR. BREED**

Plaintiff has also failed to state a claim under the "New York Tenant Protection Act" (i.e., New York City Local Law 7 of 2008) (the "Act"). A copy of this amendment to the New York City Administrative Code, of which the Court may take judicial notice, is annexed to this memorandum as Exhibit A. First, plaintiff has failed to plead the elements of "harassment" pursuant to the definition set forth in that Local Law. Act, § 1. Second, while the Act provides for administrative enforcement (Act, § 4), as well as an application to the "housing part of the civil court [of the City of New York] for an order restraining the owner of the property from engaging in harassment" (Act, § 5), there is no private right of action for damages or any of the other relief sought in the amended complaint from this Federal District Court. Third, the Act became City law after the conduct of which plaintiff complains.

3

In any event, the Court may take judicial notice of the fact that the landlord-tenant proceeding commenced by St. Margaret's House against plaintiff resulted in a judgment of possession entered in favor of St. Margaret's House and against plaintiff on January 11, 2008, with execution of an eviction warrant stayed pursuant to the terms of a stipulation between the parties. Plaintiff is now occupying his apartment pursuant to the terms of a "Probationary Stay Period" as set forth in the stipulation. See New York City Civil Court, New York County, L&T Index No. 102744/06. Copies of the judgment and underlying stipulation (both publicly filed documents) are annexed to this memorandum together as Exhibit B. Accordingly, even if plaintiff had pleaded harassment, such a claim would obviously be subject to dismissal as a matter of law.

For these reasons, plaintiff's claim against Mr. Breed under the New York Tenant Protection Act must be dismissed.

## POINT III

**PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING AND SUPERVISION MUST BE DISMISSED AS A MATTER OF LAW AS AGAINST ST. MARGARET'S HOUSE**

Plaintiff's negligent hiring and supervision claim as against St. Margaret's House is clearly infirm to the extent that all of plaintiff's other claims are dismissed, since there will have been no showing of any harm – certainly not any legally cognizable harm – to plaintiff. In any event, plaintiff has failed to plead the requisite elements of both negligent hiring and negligent supervision.

### A. Negligent hiring

"[A] necessary element of [negligent hiring, retention or supervision claims] is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury". Hopper v. Banana Republic, LLC, No. 07 Civ. 8526, 2008 WL 490613, at * 2 (S.D.N.Y. Feb. 25, 2008) (quoting Kenneth R. v. Roman Catholic Diocese of Brooklyn, 229 A.D.2d 159, 161 (2d Dep't 1997)). Where "the complaint includes only speculative and implausible facts concerning [the supervising employee's] propensities and the [employer's] knowledge of them", a claim for negligent hiring will be dismissed. Id. In this case, plaintiff has not alleged a single fact concerning any improper "propensity" on the part of Mr. Breed, much less that St. Margaret's knew or should have known about such propensity, rendering any negligent hiring claim insufficient as a matter of law.

### B. Negligent supervision

The law is also clear as to negligent supervision:

> To survive a motion to dismiss a claim of negligent supervision, a plaintiff must plead facts that show that the employer knew of the employee's propensity for the type of behavior that caused plaintiff's harm. See Kirkman, 204 A.D.2d at 403, 611 N.Y.S.2d at 616; see also Haybeck v. Prodigy Serv. Co., 944 F.Supp. 326, 332 (S.D.N.Y.1996), appeal dismissed, 116 F.3d 465, 1997 WL 338844 (2d Cir.1997). Conclusory allegations of negligent supervision are insufficient to overcome a motion to dismiss. See Richardson v. New York Univ., 202 A.D.2d 295, 296, 609 N.Y.S.2d 180, 182 (1st Dep't 1994).

Ross v. Mitsui Fudosan, Inc., 2 F. Supp. 2d 522, 532-33 (S.D.N.Y. 1998). Once again, plaintiff has failed to allege any facts suggesting any improper propensity on the part of Mr. Breed, or St. Margaret's knowledge of any such propensity. Accordingly, plaintiff's negligent supervision claim as against St. Margaret's House should be dismissed as well.

5

## **CONCLUSION**

The amended complaint should be dismissed in its entirety as against St. Margaret's House and Joseph Breed pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: New York, New York
May 30, 2008

                                        Respectfully submitted,

                                        CADWALADER, WICKERSHAM & TAFT LLP

                                        By: _____s/Matthew S. Fenster_____
                                                 Matthew S. Fenster

                                        Attorneys for Defendants St. Margaret's House
                                          and Joseph Breed
                                        Office and Post Office Address:
                                        One World Financial Center
                                        New York, New York  10281
                                        Telephone:  (212) 504-6000

Of Counsel:

    Peter G. Bergmann
    Ariel V. Gordon