Int. No. 627-A

By Council Members Garodnick, Mark-Viverito, The Speaker (Council Member Quinn), James, Comrie, Mendez, Jackson, Lappin, Gerson, Palma, Liu, Brewer, Yassky, Recchia Jr., Gioia, DeBlasio, Eugene, Addabbo Jr., Gentile, Gonzalez, Koppell, Monserrate, Sanders Jr., Sears, Stewart, Martinez, Arroyo, Foster, Vann, Baez, Mealy, Avella, Barron, White Jr., Gennaro and The Public Advocate (Ms. Gotbaum).

A Local Law to amend the administrative code of the city of New York in relation to the duty of an owner to refrain from harassment of tenants and remedies for the breach of such duty.

Be it enacted by the Council as follows:

Section 1. Subdivision a of section 27-2004 of the administrative code of the city of New York is amended by adding a new paragraph 48 to read as follows:

48. Except where otherwise provided, the term "harassment" shall mean any act or omission by or on behalf of an owner that (i) causes or is intended to cause any person lawfully entitled to occupancy of a dwelling unit to vacate such dwelling unit or to surrender or waive any rights in relation to such occupancy, and (ii) includes one or more of the following:

a. using force against, or making express or implied threats that force will be used against, any person lawfully entitled to occupancy of such dwelling unit;

b. repeated interruptions or discontinuances of essential services, or an interruption or discontinuance of an essential service for an extended duration or of such significance as to substantially impair the habitability of such dwelling unit;

c. failing to comply with the provisions of subdivision c of section 27-2140 of this chapter;

d. commencing repeated baseless or frivolous court proceedings against any person lawfully entitled to occupancy of such dwelling unit;

e. removing the possessions of any person lawfully entitled to occupancy of such dwelling unit;

f. removing the door at the entrance to an occupied dwelling unit; removing, plugging or otherwise rendering the lock on such entrance door inoperable; or changing the lock on such entrance door without supplying a key to the new lock to the persons lawfully entitled to occupancy of such dwelling unit; or

g. other repeated acts or omissions of such significance as to substantially interfere with or disturb the comfort, repose, peace or quiet of any person lawfully entitled to occupancy of such dwelling

unit and that cause or are intended to cause any person lawfully entitled to occupancy of a dwelling unit to vacate such dwelling unit or to surrender or waive any rights in relation to such occupancy.

§2. Section 27-2005 of the administrative code of the city of New York is amended by adding a new subdivision d to read as follows:

d. The owner of a dwelling shall not harass any tenants or persons lawfully entitled to occupancy of such dwelling as set forth in paragraph 48 of subdivision a of section 27-2004 of this chapter.

§3. Subdivision h of section 27-2115 of the administrative code of the city of New York is amended by numbering the existing section as paragraph 1 and by adding a new paragraph 2 to read as follows:

(h)(1) Should the department fail to issue a notice of violation upon the request of a tenant or group of tenants within thirty days of the date of such request, or if there is a notice of violation outstanding respecting the premises in which the tenant or group of tenants resides, or, if there is a claim of harassment pursuant to subdivision d of section 27-2005 of this chapter, the tenant or any group of tenants, may individually or jointly apply to the housing part for an order directing the owner and the department to appear before the court. Such order shall be issued at the discretion of the court for good cause shown, and shall be served as the court may direct. If the court finds a condition constituting a violation exists, it shall direct the owner to correct the violation and, upon failure to do so within the time set for certifying the correction of such violation pursuant to subdivision (c) of this section, it shall impose a penalty in accordance with subdivision (a) of this section. Nothing in this section shall preclude any person from seeking relief pursuant to any other applicable provision of law.

(2) (i) Notwithstanding the provisions of paragraph one of this subdivision, where one or more allegations of harassment pursuant to subparagraphs b, c and g of paragraph 48 of subdivision a of section 27-2004 of this chapter is made, to the extent that any such allegation is based on physical conditions of a dwelling or dwelling unit, such allegation must be based at least in part on one or more violations of record issued by the department or any other agency. Where any allegation of harassment is based on more than one physical condition, the existence of at least one violation of record with respect to any such physical condition shall be deemed sufficient to meet the requirements of this paragraph.

(ii) The provisions of subparagraph i of this paragraph shall apply to any counterclaim or defense presented by a tenant in any proceeding in the housing part of the civil court if such counterclaim or defense is based on one or more allegations of harassment. In the event there is no violation of record with respect to at least one physical condition alleged by such tenant such counterclaim or defense shall be dismissed without prejudice.

§4. Section 27-2115 of the administrative code of the city of New York is amended by adding new subdivisions m and n to read as follows:

(m) (1) Notwithstanding any other provision of law, a violation of subdivision d of section 27-2005 of this code shall be a class c immediately hazardous violation and a penalty shall be imposed in accordance with this section, provided, however, that such violation shall not be deemed a continuing class c violation of record beyond the time that the conduct constituting such violation occurred.

(2) If a court of competent jurisdiction finds that conduct in violation of subdivision d of section 27-2005 of this chapter has occurred, it may determine that a class c violation existed at the time that such conduct occurred. Notwithstanding the foregoing, such court may also issue an order restraining the owner of the property from violating such subdivision and direct the owner to ensure that no further violation occurs, in accordance with section 27-2121 of this chapter. Such court shall impose a civil penalty in an amount not less than one thousand dollars and not more than five thousand dollars for each dwelling unit in which a tenant or any person lawfully entitled to occupancy of such unit has been the subject of such violation, and such other relief as the court deems appropriate. It shall be an affirmative defense to an allegation by a tenant of the kind described in subparagraphs b, c and g of paragraph forty-eight of subdivision a of section 27-2004 of this chapter that (i) such condition or service interruption was not intended to cause any lawful occupant to vacate a dwelling unit or waive or surrender any rights in relation to such occupancy, and (ii) the owner acted in good faith in a reasonable manner to promptly correct such condition or service interruption, including providing notice to all affected lawful occupants of such efforts, where appropriate.

(3) An owner may seek an order by the court enjoining a tenant from initiating any further judicial proceedings against such owner pursuant to this section claiming harassment without prior leave of the court if (i) within a ten-year period such tenant has initiated two judicial proceedings pursuant to

this section against such owner claiming harassment that have been dismissed on the merits and (ii) a third or subsequent proceeding initiated by such tenant against such owner pursuant to this section claiming harassment during such ten-year period is determined at the time of its adjudication to be frivolous. Except for an order on consent such order may be sought by such owner simultaneously with the adjudication of such third or subsequent judicial proceeding.

(4) Where the court determines that a claim of harassment by a tenant against an owner is so lacking in merit as to be frivolous, the court may award attorneys fees to such owner in an amount to be determined by the court.

(5) Nothing in paragraphs three or four of this subdivision shall be construed to affect or limit any other claims or rights of the parties.

n. The provisions of subdivision d of section 27-2005 of this chapter, subdivision m of this section and subdivision b of section 27-2120 of this chapter shall not apply where a shareholder of record on a proprietary lease for a dwelling unit, the owner of record of a dwelling unit owned as a condominium, or those lawfully entitled to reside with such shareholder or record owner, resides in the dwelling unit for which the proprietary lease authorizes residency or in such condominium unit, as is applicable, or to private dwellings.

§5. Section 27-2120 of the administrative code of the city of New York is amended by renumbering the first paragraph as subdivision a, and adding a new subdivision b to read as follows:

a. The department may institute an action in a court of competent jurisdiction for an order requiring the owner of property or other responsible person to abate or correct any violation of this code, or to comply with an order or notice of the department, or for such other relief as may be appropriate to secure continuing compliance with this code. An action for injunctive relief hereunder may be brought in addition to other sanctions and remedies for violations of the code, or may be joined with any action for such other sanctions and remedies except criminal prosecution.

b. Any tenant, or person or group of persons lawfully entitled to occupancy may individually or jointly apply to the housing part of the civil court for an order restraining the owner of the property from engaging in harassment. Except for an order on consent, such order may be granted upon or subsequent to a determination that a violation of subdivision d of section 27-2005 of this chapter has occurred.

§6. If any sentence, paragraph, section or part of this local law shall be adjudged invalid by a court of competent jurisdiction such judgment shall not impair or invalidate the remainder thereof but shall be confined to that part deemed invalid.

§7. This local law shall take effect immediately.


JH/KS
02.27.08  3:42 p.m.