**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK   PART S**
**DECISION AND JUDGMENT**

INDEX # 102744/2006
JUDGMENT SEQ # 001

ST. MARGARET'S HOUSE HOUSING DEVELOPMENT FUND CORPORATION,
Petitioner(s)

AGAINST

HOPE, JOSHUA
DOE, JOHN
DOE, JANE

Respondent(s)

---

Decision and judgment is rendered based upon
a stipulation entered into by the parties as follows:
Judgment of possession is granted in favor of:
ST. MARGARET'S HOUSE HOUSING DEVELOPMENT FUND CORPORATION,
and against
HOPE, JOSHUA
A counterclaim is granted in favor of the respondent in the amount of $0.00
(which if not being entered separately is offset and reflected in the
total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements
in the amount of $0.00 in favor of:
ST. MARGARET'S HOUSE HOUSING DEVELOPMENT FUND CORPORATION,
and against
HOPE, JOSHUA

for a total amount of $0.00

(Monthly use and occupancy is set at $0.00 per month, as per order,
stipulation or decision in record.)

---

Warrant to issue forthwith        Execution _Stayed as per stip_

Date _1/11/08_                    PETER M. WENDT
                                  JUDGE, HOUSING COURT
                                  Judge, Civil/Housing Court

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the
clerk when the judgment is satisfied. Failure to do so subjects the judgment creditor to penalties.

================================================================

**ENTRY OF JUDGMENT**

Judgment entered in accordance with the above on _1/11/08_     _[signature]_
                                                               Chief Clerk, Civil Court

Warrant Issued to Marshal _____  On _____

CIV-LT-50(2006)                                               Page 1 of 1

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART S
-------------------------------------------------------------x
ST. MARGARET'S HOUSE HOUSING DEVELOPMENT       Index No.:
FUND CORPORATION,                               L&T 102744/06

            Petitioner-Landlord,

-against-                                       STIPULATION OF
                                                SETTLEMENT
JOSHUA HOPE,
49 Fulton Street, Apt. 17E
New York, NY 10038

            Respondent-Tenant,

-and-

"JOHN DOE" and "JANE DOE",

            Respondents-Undertenants.
-------------------------------------------------------------x

*SO ORDERED:
PETER M. WENDT
JUDGE, HOUSING PART
JAN 11 2006*

    **WHEREAS**, Petitioner St. Margaret's House Housing Development Fund Corporation ("Petitioner") commenced the above-captioned summary proceeding against Respondent Joshua Hope ("Respondent") based upon claims of objectionable conduct which allegedly rise to the level of material noncompliance with the lease of the premises; and

    **WHEREAS**, after commencement of trial herein, both parties wish to resolve their dispute without the further expense and delay of litigation;

    **IT IS HEREBY STIPULATED AND AGREED** by the parties through their attorneys as follows:

    1.    Respondent consents to the jurisdiction of the Court. The Court shall retain jurisdiction over this proceeding.

2. Respondent represents that he is in sole possession of the premises known as Apartment 17E (the "Premises"), located at 49 Fulton Street, New York, NY (the "Building") and that there are no other tenants, subtenants, occupants or persons in possession of the premises and/or entitled to occupy the same pursuant to any applicable provisions of law. Accordingly, this proceeding is discontinued as against Respondents-Undertenants "John Doe" and "Jane Doe," and the caption herein is amended so to delete their names therefrom.

3. The parties consent to this stipulation of settlement (the "Stipulation") without any admission of the allegations contained in the Notice of Termination, Petition, and/or Answer.

4. Respondent consents to the entry of a Final Judgment of Possession in this proceeding, in favor of Petitioner and against the Respondent, awarding legal possession of the Premises to Petitioner.

5. Respondent agrees that the Final Judgment of Possession shall provide for a Warrant of Eviction (the "Warrant") to issue forthwith.

6. Subject to the further terms of the Stipulation, execution on the Warrant shall be stayed up to and including the 11th day of January 2010. The period of time from the date of this Stipulation through and including January 11, 2010 shall be known as the "Probationary Stay Period."

7. During the Probationary Stay Period, the Respondent agrees to refrain from behavior of the nature alleged in the Notice of Termination that would constitute material noncompliance with the Respondent's lease. By way of example, and without otherwise limiting the grounds for a future determination by

the Court that Respondent has failed to refrain from such behavior during the Probationary Stay Period, Respondent specifically agrees to the following:

    a. Respondent shall refrain from threatening other persons with his walking cane.

    b. Respondent shall refrain from verbally or physically assaulting other persons.

    c. Respondent shall refrain from destroying or vandalizing the Petitioner's property or other public property at the Building.

    d. Respondent shall refrain from obstructing public space at the Building with his personal property.

    e. Respondent shall refrain from seating himself in close proximity of the lobby security desk.

    f. Respondent shall refrain from interfering with the performance of the duties of the management, staff or vendors of St. Margaret's House.

    g. Respondent shall refrain from stalking or otherwise harassing other tenants, staff, vendors or visitors of St. Margaret's House.

    h. Respondent shall register any complaints or requests that he may have to management or staff at St. Margaret's House in a reasonable and peaceable manner.

    i. Respondent shall socialize or interact with other persons at the Building in a peaceable manner.

8. Any single default or breach of the terms set forth in paragraph 7 above shall be deemed a material violation of the Stipulation and shall not be subject to cure.

9. Upon default or breach of any of the terms set forth in paragraph 7 above, Petitioner may restore the proceeding upon five days' notice to Respondents' attorneys of a motion to seek lifting of the stay and accelerated execution on the Warrant. Said motion shall set forth the basis upon which Petitioner alleges that Respondent has breached the Stipulation. In the event that, upon hearing the motion, the Court determines that Respondent has breached any of the terms of paragraph 7 above, the Court shall order immediate execution on the Warrant, and shall permit no opportunity for Respondent to cure.

10. If no restoration to the calendar is sought pursuant to the terms of paragraph 9 within the Probationary Stay Period, this case will be deemed thereafter discontinued.

11. If, upon restoration to the calendar, no determination is made by the Court to accelerate the execution of the eviction warrant, Petitioner shall retain its right to seek restoration of this proceeding pursuant to the terms of the Stipulation at any future time during the remainder of the Probationary Stay Period.

12. Nothing herein waives any other right of either party as against the other.

13. This Stipulation shall constitute the full and complete agreement by and between the parties and may not be changed or modified in any manner except in a writing signed by the parties or their attorneys.

14. All notices herein or correspondence between the parties' attorneys shall be delivered by regular mail and facsimile transmission.

15. Attorneys for the Petitioner, Respondent and Guardian ad Litem hereby represent that they have been fully authorized by their respective clients to negotiate and execute the within Stipulation on their behalves.

16. Respondent will continue to pay monthly use and occupancy in the amount of $163.00 during the Probationary Stay Period.

[Signatures follow on next page]

Dated: New York, New York

January 11, 2008

_____
**EILEEN O'TOOLE, ATTORNEY AT LAW**
Attorney for Petitioner
270 Madison Avenue, Suite 1500
New York, NY 10016
(212) 838-1153 (tel)
(212) 949-0966 (fax)

_____
**NING YE, ESQ.**
Attorney for Respondent
36-26 Union Street, 3rd Fl.
Flushing, NY 11354
(718) 321-9899 (tel)
(718) 321-7722 (fax)

_____
**ST. MARGARET'S HOUSE HDFC**
By: Joseph B. Breed IV
Executive Director

_____
**ODELLA WOODSON, ESQ.**
Attorney for Respondent and for
Guardian ad Litem Roderick Wells
100 W. 92nd Street, Suite 15A
New York, NY 10025
(212) 721-5167 (tel)
(212)

_____
**RODERICK WELLS**
Guardian ad Litem for
Respondent Joshua Hope

_____
**JOSHUA HOPE**
Respondent

SO ORDERED:

JAN 11 2008

_____
Peter M. Wendt
Judge, Housing Part