IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF NEW YORK

| | |
|---|---|
| Joshua Hope ) | |
| 49 Fulton Street, #17E ) | |
| New York, NY 10038 ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civil Action |
| ) | No.07-CV-4726 |
| St. Margaret House ) | The Hon. Sullivan |
| 49 Fulton Street ) | |
| New York, NY 10038 ) | |
| ) | |
| Joseph Breed ) | |
| St. Margaret House ) | |
| 49 Fulton Street ) | |
| New York, NY 10038 ) | |
| ) | |
| 1st Precinct of New York Police Department (NYPD) ) | |
| 16 Erricsson Place ) | |
| New York, NY 10013 ) | |
| ) | |
| Defendants ) | |

## PLAINTIFF'S AMENDED COMPLAINT

Comes now Joshua Hope, the plaintiff, acting by and through the undersigned counsel, respectfully file this Amended Complaint against the above-captioned Defendants, following the Honorable Court's April 19, 2008 Ruling, pursuant to the Rules of Federal Civil Procedures. Plaintiff states and alleges as follows:

### PARTIES

The Plaintiff Joshua Hope, 88 now, is a citizen of the United States of Chinese origin, and a resident of New York, domiciled at 49 Fulton Street, Apt. 17 E, New York, NY 10038. Plaintiff was singled out by Mr. Joseph Breed, the Administrative Director of St. Margaret House management, for abusive punishment in deep-hatred retaliation to Plaintiff's verbally criticism against the management's ill and brutal treatment against the plaintiff's fellow, similarly situated

helpless senior citizens living in St. Margaret House, the building under Section 8 Federal Subsidy program.

Defendant Joseph Breed, is a citizen of the United States and a resident of the State of New York, who is believed to be domiciled at 49 Fulton Street, New York, NY 10038. Defendant Joseph Breed is believed to be the Executive Director for St. Margaret House, and responsible for its daily management. Defendant Joseph Breed is believed to having been playing key role in all schemes of on-going ruthless persecution targeting the Plaintiff simply because he feels uncomfortable to see an elderly publicly exercising his 1st Amendment rights living, breathing and walking under his eyelid.

Defendant St. Margaret House under the Trinity Church is a corporation incorporated in the State of New York with the business address for its place of principal business at 49 Fulton Street, New York, NY 10038. Defendant St. Margaret House is the landlord in relation to the Palintiff, a tenant. Defendant owns and possesses the Federally subsidized Building which is situated at 49 Fulton Street, New York, NY 10038. Defendant St. Margaret House hires and continues to hire such employee as Defendant Joseph Breed, negligently and recklessly gives Defendant Joseph Breed free hands to rule the place under the terror of persecution or of threats of persecution against those helpless senior citizens, allowing the scandalous epidemic of nursing home type persecution against the aged to infect without taking necessary quarantine measures;

Defendant First Precinct of New York Police is a State government agency, and an integral part of the New York State. Defendant's primary place of business is believed to be situated at 16 Erricsson Place, New York, NY 10013.

---

*The original Complaint also listed the Federal Housing and Urban Development (hereinafter "HUD") as co-Defendant. HUD is a U.S. Federal Agency which is entrusted to administrate part of this nation's tax payer's funds, specifically allocated by the Congress of the United states, to fund the eligible under-income aged and disabled citizens by subsidizing their rent payment under Section 8 program in relation to this instant case. In this instant case, Defendant HUD has recklessly violated its fiduciary duty by allowing and abetting such wicked property owner as St. Margaret House to use the Federal funding as its weapon to commit gross civil rights violations; It is also believed to have breached its fiduciary duties to abuse the funds under Section 8, by giving the mis-identified land owner, who is not the ultimate beneficiary of such vested property rights of our Federal rental subsidy, a weighty leverage of free hands to commit gross civil rights abuses against the beneficiaries of such vested property rights under Section 8 program, by and through abusing the Federal funds under the program without taking any action to halt the on-going abuses. Upon repeated requests made by this co-Defendant, by and through its Counsel, and considering that HUD has not actively or maliciously involved in these systematic retaliatory persecution against Plaintiff, Plaintiff has settled with HUD and both parties filed joint motion for voluntary dismissal of HUD from current legal action.

## JURISDICTION AND VENUE

The subject matter jurisdiction is herein claimed as Federal Question jurisdiction pursuant to 28 U.S.C. § 1331.  **In this instant case, Defendants, through actions or omissions, jointly or severally committed such serious civil rights violations and such civil torts against the plaintiff as assaults, false arrests, false imprisonment, intentional/negnigent inflict of emotional distress, persecutorial/retaliatory eviction, fraud and perjury, and negligence.**

**Defendant New York Police is a State Government agency administrating law enforcement that has seriously abused its power by conspiring, confederating with the co-defendants Joseph Breed and Saint Margaret House to use excessive violence to persecute a senior citizen in the age of close to ninety, or it volunteered itself to be controlled and manipulated to act as a willing puppet or to act as an unconscienasble, brainless repressive machine to physically abuse the Plaintiff at the co-defendants' evil will.  Defendant NYPD has been tramping the Plaintiff's lawfully protected civil rights by life threatening violence and fraud, for seven times altogether within the period from August 2006 through December 2007, without showing any restraint or recant, have triggered Federal Civil Rights Act, hence having triggered Federal question jurisdiction.**

**Federal question jurisdiction** is a term used in the United States law of civil procedure to refer to the situation in which a United States Federal Court has subject matter jurisdiction to hear a civil case because the plaintiff has alleged a violation of the Constitution, laws, or treaties of the United States.

Article III of the United States Constitution permits federal courts to hear such cases, so long as the United States Congress passes a statute to that effect. However, when Congress passed the Judiciary Act of 1885.  The statute is now found at 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

This Honorable District Court's jurisdiction under 28USC 1331 is also found in the underlying cause pursuant to U.S. Federal Civil Rights Act under 42USC 1983 claimed pursuant to Conspiracies to Interfere With Civil Rights (*See* [[USC:42:1985|42 U.S.C. § 1985]); Conspiracy Against Rights of Citizens (*See* 18 U.S.C. § 241); Deprivation of Rights Under Color

of Law, (*See* 18 U.S.C. § 242); The Jurisdictional Statue for Civil Rights Cases (*See* 28 U.S.C. § 1443);

    The venue is proper in this judicial district under 28USC 1391(a) because the subject matter claimed arose herein the State of New York, and all defendants are residing within this Judicial District.

## INTRODUCTION

1. Plaintiff Joshua Hope, age of 87 now, is a U.S. citizen of an ethnic Chinese origin. Plaintiff is currently residing inside Trinity Church run St. Margaret House, at 49 Fulton Street, Apt. 17E, New York, NY 10038. Plaintiff, together with his spouse, now deceased, has been residing in that building, as the recipient and beneficiary of the Federal rental subsidy under Section 8, since 1987, for approximate 2 decades. Plaintiff and his then spouse, were elected to be the model residents of the entire building for three consecutive years during the period from 1995 through 1998. Plaintiff has long been highly acclaimed by his neighbors for his excellent public image and his ethical and moral raw model role there. However, Plaintiff was singled out by Mr. Joseph Breed, the Administrative Director of St. Margaret House management, for abusive retaliation against his outspoken verbal criticism opposing the management's patterns of ill, and brutal treatment against the helpless senior citizens living in St. Margaret House, the building under Federal Subsidy program under Section 8. The Defendants' numerous tortuous actions accomplished via Mr. Joseph Breed, is seen a scheme of serious civil rights abuses designed and devised to curtail and suppress any vocal protests from the elderly and handicapped residents of the Building who are relying upon the Federal rental subsidies under Section 8.

2. Defendant Joseph Breed, the Administrative Director of the St. Margaret House, for unknown causes, either for ideological or pragmatic reasons, has demonstrated his peculiar prejudice, hatred and hostility against these poor, under-income, aged and handicapped residents of the St. Margaret House. Shortly after Defendant Joseph Breed was appointed, he immediately ordered to remove both fans which had been originally installed in the passage of each floor nearby elevator and the fan inside elevator, and to

4

shut the window to block the air circulation. Defendant's efforts in turning the public passage area into a hot pot turn out to be successful. Consequently, his order of removal of these cooling facilities for nobody-knows reason, has exposed all those aged residents in their 80s and 90s to the drastic changing temperature of up to 110 degrees in the passage while they are walking out of the AC-controlled apartments, waiting for usually slow-responded elevator. Defendant Joseph Breed's unknown, mischievous hobby to turn the air-circulated public passage into air tight "melting pot" did not stop there. Several months after removal of fans, he further ordered to permanently shut all originally adjustable glass windows by dead screw on every floor, having made things from bad to worse. Plaintiff repeatedly reminded the management under Defendant Joseph Breed that the air-proof public elevator waiting area under the "green room effect" without AC is too hot. Plaintiff offered an alternative by reinstalling blinds to block the burning sunlight on his floor at his own cost. Plaintiff's offer was flatly rejected by Defendant Joseph Breed. In order to raise the attention to the management and neighbors, plaintiff placed a thermal meter outside his apartment, alerting all fellow residents of the high temperature by reading his thermal meter. Plaintiff's actions by offering to installing blinders and hanging the thermal meter outside his apartment was deemed as an open opposition designed to defeat Defendant Joseph Breed's unknown mischievous program.

3. In the beginning of 2000, Defendant Joseph Breed "creatively" found his better way to quickly increase the income by commercializing large part of the lobby areas of the building under Federal rental subsidy program, through inviting, introducing and attracting outside strangers from nearby streets into the building's dining halls and other lobby areas, for such commercial purposes as selling them food and drinks, leasing them spaces for wedding parties, turning large portion of private place specifically used for those elderly and disabled occupants into a lucrative open marketplace. Defendant Joseph Breed's commercialization program has driven these helpless, virtually voiceless residents into an ever-condensed narrow areas.

4. Defendant Joseph Breed's ultra-smart pocket-deepening plan had caused public outcry. Vocal criticism appeared in public posting areas. In response to the growing wave of

5

complaints, Defendant Joseph Breed decided to "curtail", if not completely "take back", the residents' "privilege of speech" through public posting boards. In or about later 2000, Defendant Joseph Breed, by and through St. Margaret House Management, issued an ordinance banning all residents' postings without being submitted for contents-prescreening, while none should be leaked for publicizing on the public posting areas unless and until granted by the management for permission of posting after the latter's content-review. Defendant Joseph Breed's such actions were encountered with vocal criticism from none but Plaintiff Joshua Hope.

5. On August 2, 2005, Defendant Breed called for a meeting by all residents. On that meeting, he made a public pronouncement that the management decided to drastically increase the price of the mandatory meal, the lunch meal which Defendant St. Margaret House coerces all residents to buy as part of the tenants' duty. Defendant entered into a new contract in value-added price with a Malaysian Chinese restaurant as supplier who has long been condemned by the residents for poor quality of food in comparison to the average of the locality. Eight residents were allowed to give opinions, all opposed the unilateral increase of price for that originally thankless coercive meal. While, Plaintiff Joshua Hope raised his hand all the time, waiting for his turn to speak, Defendant Joseph Breed declared the meeting was over.

6. The sharp increase of the mandatory meal price has since broken the peace and harmony of the building. Residents there aired their protests and petitions through different means. Plaintiff was also invited to join the residents organization meetings discussing counter-measures towards the management. Plaintiff's active involvement in the growing residents opposition has caused Defendants' alert. Defendants' patience and tolerance went thin when they found Plaintiff Joshua Hope took the media interview, petitioned to the Mayor's office, calling for intervention of the management's mal-treatment against his fellow residents as of seniors and disabled. A premeditated reprisal and retaliations, employing fraudulent and deceiving behavior, targeting Plaintiff Joshua Hope had been started by St. Margaret House under Joseph Breed.

7. To implementing the premeditated retaliation targeting Plaintiff Joshua Hope, Defendant Joseph Breed plotted and caused to happen, six such incidents as assaults, false arrests,

6

false imprisonment, by wrongfully using New York Police forces through false-alarming "911 calls" to the NYPD during the short period from August 2006 through November 1, 2006.  In all these vicious plots, Defendants St. Margaret House, under the manipulation of Defendant Joseph Breed, for the unlawful purpose of retaliation against the Plaintiff for his outspoken expression of objection to management, Plaintiff, then 86, was defamed and tarnished as an attempted murderer, violent attacker, violent vandals who vandalized public properties, and violent lunatic who needs to be immediately confined in compulsory asylum for psychiatric treatment.   These plots was accelerated into its ecstasy on November when Defendants maliciously, and viciously caused dispatch of a crew of six police officers from the 1st Precinct of the NYPD.  Acting on Defendants' false information by lie, these police officers falsely arrested the Plaintiff in front of all on-looking neighbors, forcibly sent the Plaintiff into Bellvue Hospital, Psychiatric Department for mandatory psychiatric evaluation.  Where the Plaintiff, a mentally healthy, and a law abiding senior citizen of 86 of age, was imprisoned in a confined area for approximately 10 hours, being forcibly undergone all steps of psychiatric diagnosis to ascertain whether he is a mentally troubled patient.   The Plaintiff was finally released from the coercive confinement when doctors there, after taking full diagnostic procedures, declared that Plaintiff was mentally healthy and normal.

8. Defendants' such violent actions of hatreds maliciously borrowing the hands of law enforcement by fraud and lie, have severely harms Plaintiff's dignity and health.  Under the growing pressure of such violently brought distressful events, plaintiff, the victim of such lethal plots, plaintiff, aged 86 then, has collapsed in his health, his family Physician Dr. Liu diagnosed that plaintiff is living under the life threatening condition.

9. Defendant Joseph Breed and Defendant St. Margaret House's commissions of these intolerable violence and torts, having been violently implemented and completed by the willing and powerful con-defendant New York City Police, acting as a brainless, unconscionable repressive machine, or a willful co-conspirator, against the Plaintiff have grossly violated the civil rights under Title 42 of USC.  Such violations have been properly reported to the New York Attorney General's Office, and also being Complained in writing to the Office of the headquarter of the New York City Police.

10. The record shows that in implementing these retaliatory plots in order to forever silence the Plaintiff, Defendant Joseph Breed employed unsophisticated lies and fraud to achieve his lethal games targeting an now 88 year old senior citizen.  By having committed fraud to achieve its dramatic and probably lethal outcome, Defendant Breed repeatedly lied to all, including all law enforcement agencies. In the Police Report of October 28, 2006 event, Defendant Joseph Breed, pretended to be a "victim", lied to the police that Plaintiff Joshua Hope, then 86, wanted to "shoot" Defendant Breed to death, having failed short in explaining using what sort of weapon to "shoot" him to death; In support of the Defendant's false charge about the Plaintiff's "violent propensity", Defendant Joseph Breed further lied to the police that Plaintiff, again, 86 then, "had smashed" St. Margaret House Building's  "windows", while, again failing short to pinpoint which window of the building had been "smashed". Using such sort of fraudulent charges, defendant Joseph Breed deceived the police department, while the latter was readily to cooperate, to help him achieve his vicious retaliation plot targeting the Plaintiff, having caused assault, false arrest and false imprisonment. In plotting and causing severe civil rights violation against the plaintiff, Defendant had committed all sort of frauds by lying to the law enforcement agency, because Plaintiff has never had any possession of weapons, neither has he been able to learn how to "shoot" or how to say "shoot" to anybody.  Accusing Plaintiff to have "smashed window" is also a sheer lie, there was not a single piece of window having been found "smashed" during the period.

11. Defendant Breed did not cover up the real underlying cause: to suppress the Plaintiff's vocal expression as a proper exercise of his 1st amendment rights.  Defendant Joseph Breed admitted to the Police that the dispute between he and the Plaintiff was caused by dispute over the "food price" ("At T/P/O, complainant (Joseph Breed—added) states that a dispute erupted over food prices at the alleged "perpetrator's (Joshua Hope—added)" residence… "Both parties have had previous verbal disputes in the past.).  Petitioner has been seeking to curtail the occupants' proper exercise of their 1st by using un-restrained repressive measures in color of law.

12. In pursuing this racially motivated, retaliatory type, heinous abuses against Respondent for his vocal expression criticizing the Petitioner's mandatory meal policy, Petitioner had

caused police brutality against Respondent seven (7) times during a brief period from August 2005 through December 2007.  Such police brutality as an unconscionable instrument, or a willing co-conspirator, to serve the petitioner's ulterior motive, maliciously exploited by the Petitioner, had been accelerated into its climax in both November 2006, and December 7, 2007 when Defendant Mr. J. Breed repeatedly lied to the Co-Defendant Police of 1st Precinct that the Plaintiff was mentally troubled.  As the result of such misinformation, a task force squad of police rushed to the scene, for the 6th and 7th time respectively, falsely arrested the Respondent and falsely imprisoned the respondent for coercive psychiatric confinement and psychiatric evaluation. The first mandatory psychiatric evaluation completed in November 1, 2006 turned out that Respondent is mentally normal.

13. In causing such tortuous actions as of assaults, false arrests, false imprisonment against the Respondent Joshua Hope, using the New York City Police as their willing, ready, all-time available violent instrument to achieve both defendants' unlawful, unethical goals, exploiting the co-Defendant's reckless reaction. Defendants Joseph Breed fraudulently accused the Plaintiff, then 86, to have "smashed the windows" of St. Margaret House's Building, "attempted to shoot" Mr. Joseph Breed, the Administrative Director thereof, the root cause of all episodes, while the fact turns out that the Plaintiff has never done such things.  The Defendants have also, while exerting undue influence by abusing the resources of our Federal Government's financial subsidy and the accumulated resources by the establishment of the Trinity Church mistakenly entrusted to such vicious defendants,  incited hatreds among the residents, and mobilized team of perjurous witnesses in the Housing Court where Defendants tried to kick the Plaintiff out of the St. Margaret House, by way of frivolous eviction action.

14.  In the discharge sheet prepared by Bellvue Hospital as routine business records, the attending psychiatrist who did not know either Respondent or Petitioner, inattentively, yet objectively recorded one incident of "Breed pattern" of statement: "police states 'patient was swinging his cane at residents". However, the record continues in another

place: "According to his home attendant, patient has never swung his cane at the super (manager)."

15. In November 2006, right after the November 1, 2006 police brutality against the Plaintiff, Defendant St. Margaret House, under the manipulation of Defendant Joseph Breed, initiated a frivolous eviction action with New York City Housing Court, attempting to exploit the latter's summary proceedings, normally in favor of landlord plaintiffs.   The Petitioner's Complaint filed with the Housing Court, charged the Plaintiff for allegedly "substantially violated" lease obligations, however, what the Defendants presented before that Court so-called "Respondent's objectionable conduct", serving the Petitioner's scheme of retaliation and discrimination are nothing but a retaliatory eviction. Though Defendant St. Margaret House under the control of Defendant Joseph Breed, spent substantial resources to pursue that frivolous retaliatory eviction, the Housing Court, routinely friendly and favorable to the powerful landlords, held a mandatory settlement negotiation session, after one day and a half confrontational trial of oral debates, after this Plaintiff's counsel cross-examined and impeached all witnesses provided by St. Margaret House, to order the case  be settled, having declined Defendant St. Margaret House's Request that Plaintiff Joshua Hope be immediately evicted.  The compromise, which the Housing Court dictated after having heard St. Margaret House's representation and its witnesses, having been flatly rejected by St. Margaret House repeatedly before trial, reached under the Court's stewardship, was concluded prior to the promulgation of New York's "Granny Act", designed to protect the oppressed tenants earlier this year.

16. During the heated-up negotiation of the terms and conditions of the settlement agreement, St. Margaret House attempted to input the clause which bars Joshua Hope from continuing his legal action in the Federal Court.  It could have been the case if St. Margaret House had settled the case with Joshua Hope without the Housing court's intervention and before trial.  Both parties argued and the issue was presented the Judge again.  Finally, the clause which bars Joshua Hope from initiating or continuing his legal actions in other courts were removed.

17. On December 7, 2007, recklessly acting on false information made by Defendant Joseph Breed from Defendant St. Margaret House, without screening its authenticity or falsity, a group of seven police officers were dispatched from the First Precinct of the NYPD, falsely arrested plaintiff by handcuffs and restraints.  This finally added Defendant also falsely and forcefully detained Plaintiff inside Bellvue Hospital, Psychiatric Department (a potential third party defendant yet to be investigated and possibly sued), during the period from December 7, 2007 through December 21, 2007.

18. During the course in implementing such false arrest and such prolonged false imprisonment, by using absolutely unnecessary, wasteful, and excessive brutal force, violence and brutality.   The Plaintiff was violently knocked down to the ground. Defendant NYPD violently, completely unnecessarily, subdued the plaintiff by twisting his arms, wastefully handcuffed him and restrained him with four point restraint, and forcefully escorted him into that premeditated place of false imprisonment: movement restraint area of psychiatric department, Bellvue Hospital, which is believed to be affiliated with the Defendant NYPD;

19. Plaintiff was then an 87-year old senior citizen,  having never been armed, sound-minded, rational and peaceful, in fading health with multiple chorological diseases.  During and before the interaction with seven police officers on that very date, Plaintiff did not do anything oddly or controversial.  On the later morning of December 7, 2007, Plaintiff, accompanied with her nursing assistant, namely, Ms. Weiying Xiao, very briefly stopped at the door of Defendant Joseph Breed's Office.  With the presence of his nursing assistant, Plaintiff made an oral report about an insignificant incident in the neighborhood in civilized manner.  While Defendant Breed told him he was meeting with a guest from California, and having Plaintiff sit at the lobby seat and waiting for him a while.  Plaintiff followed that advice and seated himself at a corner of the lobby quietly.  There is no disputes, no disorderly conducts by anybody, not even oral argument, during the preluding period before sudden appearance of seven police officers in two police troop vehicles, having apparently been called for by Defendant Joseph Breed, by feeding the Defendant NYPD with malicious and fraudulent information, as

part of his well orchestrated retaliatory scheme targeting Plaintiff for the latter' vocal criticism of management's questionable behavior on mandatory food price.

20. The excessive police force and violent assault used in carrying out the false arrest and false imprisonment has caused severe consequences: Plaintiff suffers lingering acute pain and muscle injuries upon his neck, back, shoulder and upper extremity of arms.  Plaintiff was being falsely imprisoned in Bellvue Hospital for 14 days with no justifiable cause.

21. The same defendant had recklessly and maliciously committed the same and similar brutal abuses, all recklessly acting on false information fed by Defendants Joseph Breed of Defendant St. Margaret House, against the Plaintiff, without pre-screening its authenticity, for at least six more times before this most recent, the most serious incident of December 7, 2007.  One of these most serious altercation occurred on November 1, 2006, when police from 1st Precinct also forcefully escorted Plaintiff to Bellvue Hospital for false imprisonment.  Plaintiff was later discharged by the Hospital on the same day with the diagnostic finding of being sound-minded, with his defense counsel's immediate intervention.

22. During the cause of implementation of such a false arrest followed with false imprisonment, Defendant NYPD, by its police officers in that disgraceful action, had committed physical battery and assault against the Plaintiff's person, while Defendant Joseph Breed, as an integral part of such severe abuse, was on the scene, in planning, plotting, premeditating, causing, leading, aiding, abetting co-defendant to have completed such battery, assault and other subsequent abuses.

23. The defendant NYPD's repeated reckless abuses against the Plaintiff has tramped the Plaintiff inalienable constitutional rights under 5th and $14^{th.}$ Amendment.  While such repeated pattern of police abuses has also violated the Plaintiff's civil rights under 42USC 1983, New York State Constitution, Bill of Rights, and New York State Human Rights Act.

24. The foregoing violations had been properly complained to the State Attorney General's Office and the Headquarter of the NYPD.

25. The named Defendant, the First Precinct of New York Police is a state government law enforcement agency, and integral part of the New York State.

<u>COUNTS AGAINST ALL DEFENDANTS:</u>

All Defendants have jointly and severely committed the following counts of intentional/reckless torts and civil rights abuses against the Plaintiff:

    Count One: Assault and Battery

    Count Two: False Imprisonment;

    Count Three: Intentional Inflict of Emotional Distress;

    Count Four: Civil Conspiracy between Defendant St. Margaret House, Defendant Joseph Breed and co-Defendant New York City Police; while the latter being voluntarily exploited by the co-conspirator as the latter's willing and unconscionable instrument Against Plaintiff in Scandalous Nursing home Type Abuses against the Helpless Aged and Disabled;

    Count Five: General, overall Civil Rights Violations

    Defendant New York Police has severally committed the following counts in addition to the foregoing torts:

    Count Six: Malicious Prosecution;

    Count Seven: False Arrest

    Defendant Joseph Breed has severally committed the following counts in addition to the foregoing torts:

    Count Eight: Fraud, perjury and other unlawful abusive actions;

    Count Nine: Statutorily punishable abuses under New York Tenants Protection Acts;

    Defendant St. Margaret House has severally committed the following counts in addition to the foregoing torts:

    Count Ten: Negligence in hiring and supervising:

<u>REMEDIES SOUGHT</u>

Remedy being sought by the Plaintiff against all above-named defendants is as follows: All Defendant shall be jointly and severely liable for all damages, actual, punitive and incidental, with the primary Defendants;

All defendant shall jointly and severely pay actual, incidental and punitive damages for mo less than $1,000,000.00 for all counts, or whatever appropriate that shall be determined by the Jury.

Defendant St. Margaret House is primarily reliable for all such civil rights abuses due to its persistent inaction and reckless negligence to its employee Joseph Breed's vicious retaliatory plots, therefore, Plaintiff respectfully prays for an additional punitive damage as of $1,000,000.00 separately sanctioned against Defendant St. Margaret House, or whatever amount the Jury finds it appropriate

Due to the fact that Defendant Joseph Breed has played a leading role, and acted in the entirety of the case as extremely immorally, dishonestly, viciously and maliciously, an additional punitive damage as $5,000,000.00 is being sought separately, or whatever amount the Jury finds it appropriate.

Plaintiff also seeks for such Injunctive Relief that such named primary defendant as Joseph Breed shall be ordered to stay away from the Defendant within the reasonable distance as this Court finds it appropriate.   As provisional injunction, the Defendant Joseph Breed shall be ordered to keep away from the Plaintiff within the reasonable distance as this Court finds it appropriate during the first three months.

Plaintiff also respectfully prays to this Honorable Court for such other relief as this court finds it appropriate.

PRAY FOR TRIAL BY JURY

Plaintiff respectfully prays that the facts of this case should be tried by a Jury.

Respectfully submitted

/s/Ning Ye, Esq.
Counsel for the Plaintiff
36-26A Union Street, #3rd Floor
Flushing, NY 11355
Tel. 718-321-9899
Fax: 718-321-7722
Email: ynyale@aol.com

Certificate of Service

Counsel for the Plaintiff hereby certify that the Above Amended Complaint has been served upon the following Defendants by electronic mail, via ECF system, on this 12th Day of May, 2008:

Defendant St., Margaret House
Defendant Joseph Breed

via

Mathew S. Fenster, Esq.
Cadwalader, Wickersham & Taft, LLP
One World Financial Center
New York, NY 10281

1st Precinct of New York Police Department (NYPD)
16 Erricsson Place
New York, NY 10013

Pursuant to the Honorable Court's Order, a hardcopy of the above was mailed to the Honorable Judge Sullivan's Chamber by FedEx overnight delivery on this 12th day of May, 2008.

_____
/s/Ning Ye, Esq.
Counsel for Plaintiff