UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

| | | |
|---|---|---|
| JOSHUA HOPE, | : | |
| Plaintiff, | : | 07-CV-4726 (RJS) |
| -against- | : | |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, ST. MARGARET HOUSE and JOSEPH BREED, | : : | |
| Defendants. | : | |

------------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF MOTION TO DISMISS THE AMENDED
COMPLAINT BY ST. MARGARET'S HOUSE AND JOSEPH BREED**

CADWALADER, WICKERSHAM & TAFT LLP
Attorneys for Defendants St. Margaret's House
 and Joseph Breed
Office and Post Office Address:
One World Financial Center
New York, New York  10281
Telephone: (212) 504-6000

**PRELIMINARY STATEMENT**

Defendants St. Margaret's House, a not-for-profit housing facility for low-income elderly and handicapped individuals, and Joseph Breed, the Executive Director of St. Margaret's House, submit this reply memorandum of law in further support of their motion to dismiss the amended complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The "Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Supplemental Motion to Dismiss" [sic] (undated) ("Plaintiff's Opposition Memorandum") largely ignores defendants' arguments for dismissal of Counts Eight through Ten of the amended complaint. See Supplemental Memorandum of Law in Support of St. Margaret's House and Joseph Breed's Motion to Dismiss the Amended Complaint dated May 30, 2008 ("Defendants' Supplemental Memorandum"). For the reasons discussed below and in Defendants' Supplemental Memorandum, Counts Eight through Ten of the amended complaint should be dismissed. Additionally, the remaining claims in the amended complaint directed against St. Margaret's House and Mr. Breed (i.e., Counts One through Five) should also be dismissed on the grounds contained in the briefs submitted on defendants' motion to dismiss plaintiff's initial complaint.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S CLAIM FOR FRAUD, PERJURY, ETC. MUST BE DISMISSED AS A MATTER OF LAW AS AGAINST MR. BREED**

In Defendants' Supplemental Memorandum at 2, defendants explained that plaintiff's claim for fraud must be dismissed because plaintiff did not and could not plead that Mr. Breed made any statement "for the purpose of inducing plaintiff to rely on it", much less that

1

plaintiff actually relied on any statement made by Mr. Breed.  Flaherty v. Filardi, No. 03 Civ. 2167, 2007 WL 2734633, at *6 (S.D.N.Y. Sept. 19, 2007) (citing Stewart v. World Wrestling Fed'n Entm't, Inc., No. 03 Civ. 2468, 2005 WL 66890, at *6 (S.D.N.Y. Jan. 11, 2005)).  In response, plaintiff simply ignores the case law cited by defendants, and erroneously asserts that a claim of fraud does not require such an allegation.  Plaintiff cites Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 461 (2006), a case brought under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO").[1]  In Anza, the Supreme Court declined to consider the question of whether "a plaintiff may . . . assert a RICO claim predicated on mail fraud or wire fraud [without] demonstrat[ing] it relied on the defendant's misrepresentations" -- which is obviously a question far removed from any issue in this case.  547 U.S. at 461.  In fact, the Second Circuit has squarely and unequivocally rejected the argument asserted by plaintiff, stating that:

> We hold that a plaintiff does not establish the reliance element of fraud for purposes of ERISA or New York law by showing only that a third party relied on a defendant's false statements.

Cement & Concrete Workers Dist. Council Welfare Fund v. Lollo, 148 F.3d 194, 196 (2d Cir. 1998) (emphasis added).

Additionally, it is undisputed that, with the exception of a single statement allegedly made by Mr. Breed in October 2007 in the course of making a report to the police (which cannot form the basis for a claim of fraud by plaintiff), plaintiff has not pled any alleged fraudulent statement with particularity as required by Fed. R. Civ. P.  9(b).  It is similarly undisputed that there is no private right of action for perjury under federal or state law, as

---

[1] Plaintiff has not pled a RICO claim, notwithstanding references in Plaintiff's Memorandum to alleged "wire fraud".

discussed in Defendants' Supplemental Memorandum at 3. Accordingly, Count Eight of the amended complaint should be dismissed.

## POINT II

### PLAINTIFF'S CLAIM UNDER THE NEW YORK TENANT PROTECTION ACT MUST BE DISMISSED AS A MATTER OF LAW AS AGAINST MR. BREED

Plaintiff has failed to respond to any of the arguments set forth in Defendants' Supplemental Memorandum at 3 compelling dismissal of Count Nine of the amended complaint as against Mr. Breed. In particular, the following grounds for dismissal remain unrefuted: (i) plaintiff failed to plead "harassment" within the meaning of the New York Tenant Protection Act ("NYTPA"); (ii) there is no private right of action for damages under the NYTPA; and (iii) the NYTPA became law after the conduct of which plaintiff complains. Accordingly, Count Nine of the amended complaint should be dismissed.

## POINT III

### PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING AND SUPERVISION MUST BE DISMISSED AS A MATTER OF LAW AS AGAINST ST. MARGARET'S HOUSE

In Defendants' Supplemental Memorandum at 5, defendants explained that plaintiff failed to allege that Mr. Breed had a "propensity" for any type of improper conduct, much less that St. Margaret's House knew or should have known of such a "propensity" -- which are both required elements of the negligent hiring and negligent supervision claims in Count Ten of the amended complaint. In response, plaintiff states only that Mr. Breed's alleged "propensity" for such behavior "can be inferred by Plaintiff's depiction of double digits number of retaliatory harassment and intimidation against Plaintiff within the cause of more than two years" (sic). Pl. Mem. at 6. That is precisely the type of conclusory allegation that has been

3

deemed "insufficient to overcome a motion to dismiss" on a claim for negligent supervision. See Ross v. Mitsui Fudosan, Inc., 2 F. Supp. 2d 522, 532-33 (S.D.N.Y. 1998) (citing Richardson v. New York Univ., 202 A.D.2d 295, 296, 609 N.Y.S.2d 180, 182 (1st Dep't 1994)).

In any event, plaintiff has not even attempted to argue that St. Margaret's House had any knowledge of such an improper "propensity" on the part of Mr. Breed, which omission also warrants dismissal of Count Ten of the amended complaint.

## CONCLUSION

The amended complaint should be dismissed as against St. Margaret's House and Joseph Breed pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:    New York, New York
          June 27, 2008

Respectfully submitted,

CADWALADER, WICKERSHAM & TAFT LLP


By:    s/Matthew S. Fenster
       Matthew S. Fenster

Attorneys for Defendants St. Margaret's House
  and Joseph Breed
Office and Post Office Address:
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000

Of Counsel:

  Peter G. Bergmann
  Ariel V. Gordon

4